GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY, *Plaintiff in Error*, v. HAMILTON LUMBER COMPANY, *Defendant in Error*.

1.  An order of the Circuit Court granting a new trial will be

reversed if it appears that the order has violated some settled principle of law.

2. Whether a charge given to the jury is erroneous or misleading should be determined by a consideration of the charge complained of in connection with all the other charges given, and the pleadings and evidence in the case.

3. When it appears from the whole record that an alleged misleading charge could not reasonably have influenced the verdict to the injury of the complaining party, a new trial on that ground should not be granted.

4. Where a new trial is granted on the specific ground that a charge "was, perhaps, misleading in view of the evidence," and the charge when considered with other charges given and the evidence could not reasonably have mislead the jury, and the motion for new trials does not disclose errors injuriously affecting the movant, the order granting the new trial will be reversed.

Writ of error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*M. F. Horne* and *R. L. Frink*, for Plaintiff in Error;

*S. S. Sandford*, for Defendant in Error.

WHITFIELD, C. J.—In an action of replevin brought by the Hamilton Lumber Company against the Georgia Southern and Florida Railway Company to recover the possession of 548 pine and cypress railroad crossties, there was judgment for the defendant. A motion for new trial was made by the plaintiff on the grounds that the verdict is contrary to the law, to the evidence and to the charge of the court and that the court erred in giving a

charge hereafter set out. A new trial was granted on the ground that "the charge was, perhaps, misleading in view of the evidence," a writ of error was taken by the defendant railroad company under section 1695 of the General Statutes of 1906.

The evidence tends to show that the Hamilton Lumber Company had parol authority to cut crossties from the land of J. R. Sandlin and contracted with R. C. Lester to cut crossties on the land for delivery by the Hamilton Lumber Company to the Georgia Southern and Florida Railway Company; that Lester obtained verbal permission from Sandlin to cut crossties on his land and did cut crossties from Sandlin's land and place them on the railroad right of way; that Lester notified the Hamilton Lumber Company that he had 1300 crossties on the railroad right of way and obtained advances thereon from the Lumber Company and that the Lumber Company inspected the crossties; that afterwards Lester delivered the crossties in controversy to the Railroad Company on his own account, claiming that they did not belong to the Lumber Company. Conflicts in the testimony as to the rights of the parties have been settled by the jury in finding for the defendant. In granting a new trial on the specific ground that a charge given may have misled the jury in view of the evidence, the court in effect overruled the grounds of the motion for new trial that the verdict is contrary to the evidence, the law and the charge of the court.

The court granted the new trial on the ground that the following charge "was, perhaps misleading:" "If you find from the evidence that one Sandlin made a parol sale of standing timber to plaintiff, and that Lester, under a contract with plaintiff, entered upon Sandlin's land and cut and manufactured from such timber the ties involved in

this suit for the plaintiff, then you should find the right
of property to such ties as were cut to be in the plaintiff,
that it is entitled to the possession.   If on the other hand,
you should find that the ties in question were cut from
timber not included in any parol sale from Sandlin to
plaintiff, or the plaintiff cancelled or terminated Lester's
contract before the cutting of these ties and that Lester
bought the timber from Sandlin on his own account, and
did not cut it under the contract between Lester and the
plaintiff, but for himself, and thereafter sold and deliver-
ed the ties to the defendant, or some one for it, then you
should find for defendant."

At the request of the plaintiff Hamilton Lumber Com-
pany, the court gave the following charge: "If Lester,
after he had cut these ties, went to the Hamilton Lumber
Company, and informed them that he had 1300 ties cut
and piled on the right of way, and asked for money on
the 1300 ties, and that these ties in question were part
of the 1300 and the Hamilton Lumber Company went and
found that the 1300 ties were there, and later advanced
Lester money on them, that this constituted a delivery of
the ties to the Hamilton Lumber Company, and that they
then became their property, regardless of whose land they
were cut on, so far as Lester and the Hamilton Lumber
Company were concerned, and if you find that these ties
had been delivered to plaintiff, and plaintiff had advanced
money on them, it will be your duty to find for the plain-
tiff, and if you so find, then it was not necessary for Les-
ter to take plaintiff down to the ties and point them out
and say this is your property in order to constitute a
delivery, but they should be delivered at the office by
words or acts of Lester, if acted upon by the plaintiff."

This latter charge clearly advised the jury that the
verdict should be for the plaintiff Lumber Company if

they should find from the evidence that the crossties had been delivered to the plaintiff by Lester and advances received by him thereon. With this charge before them, the jury could not reasonably have been mislead to the plaintiff's injury by the charge complained of.

As from the evidence the jury could lawfully have found there was in fact no delivery of the crossties to the plaintiff Lumber Company the issues clearly presented by the charge have been duly settled in favor of the defendant railroad company.

An order of the Circuit Court granting a new trial will be reversed if it appears that the order has violated some settled principle of law. Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Philadelphia Underwriter's Ins. Co. of North America v. Biglow, 48 Fla. 105, 37 South. Rep. 210; Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Fienbger v. Stears, 56 Fla. 279, 47 South. Rep. 797; Nathan v. Thomas, and Dunnellon Phosphate Co. v. Crystal River, &c., decided at the present term.

Whether a charge given to the jury is erroneous or misleading should be determined by a consideration of the charge complained of in connection with all the other charges given, and the pleading and evidence in the case. Jacksonville, T. & K. W. Ry. Co. v. Neff, 28 Fla. 373, 9 South. Rep. 653; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 South. Rep. 332; Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 South. Rep. 28.

When it appears from the whole record that an alleged misleading charge could not reasonably have influenced the verdict to the injury of the complaining party, a new trial on that ground should not be granted. Gracy v. Atlantic Coast Line R. Co., 53 Fla. 350, 42 South. Rep. 903; Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820; Louis-

ville & N. R. Co. v. Willis, 58 Fla. 307, 51 South. Rep. 134.

Conceding that the charge complained of is not clear and full with reference to the different aspects of the evidence, and conceding that it *may* have mislead the jury if it had been considered by itself, yet the other charge quoted above was given at the request of the plaintiff, Hamilton Lumber Company, and it should have been and doubtless was considered by the jury in forming the verdict. When considered as an entirety the charges are not misleading in view of the evidence. Keech v. Enriquez, 28 Fla. 597, 10 South. Rep. 91.

An examination of the record with reference to the motion for a new trial does not disclose any errors that injuriously affect substantial rights of the plaintiff below, and the order granting a new trial on its motion is erroneous and should be reversed.

The order granting a new trial is reversed and the cause is remanded with directions to the Circuit Court to enter final judgment for the defendant upon the verdict, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.