130 So.2d 113 (1961)
Paul STAICER, Appellant,
v.
William H. HALL, Appellee.
No. 1851.
District Court of Appeal of Florida. Second District.
May 5, 1961.
Rehearing Denied June 2, 1961.
Cecil T. Farrington, Fort Lauderdale, for appellant.
McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
KANNER, Judge.
A jury verdict was returned for defendant in a personal injury negligence action arising out of an automobile rear end collision in an intersection in the heart of the downtown area of the City of Fort Lauderdale. Plaintiff, seeking review of the judgment, contends that he was not in any way at fault and questions the propriety of certain instructions given on behalf of the defendant.
Factually, it appears that plaintiff and defendant were driving their respective automobiles. Defendant's vehicle had been following plaintiff's automobile along a crowded thoroughfare. This continued as the cars passed successively through several traffic lights until they ultimately arrived at a three-way, "T" shaped intersection. Here, although there were traffic lights, a police officer was personally directing traffic *114 because of the approach of a parade with a band.
There was considerable commotion because of the parade and heavy traffic. Plaintiff's vehicle reached the intersection with defendant's automobile close behind, and both cars momentarily stopped. Thereupon, with the police officer manually signalling both plaintiff and defendant to cross the intersection and simultaneously blowing his whistle, the two automobiles entered the intersection, with that of the defendant two or three feet to the rear of plaintiff's vehicle. The traffic signal light of the lane in which plaintiff was traveling changed to red. Plaintiff stopped his automobile near mid-point of the intersection; and defendant, still following at a distance of two or three feet, was unable to stop and struck the rear of plaintiff's automobile, causing injuries to plaintiff and damage to his automobile.
At the trial, the only witnesses were plaintiff and defendant. The patrolman who had been in control at the intersection at the time of the accident could not be located. The plaintiff's version of the accident and that of defendant are in conflict. The dispute, in essence, centers about plaintiff's testimony that he pulled his car to a stop behind a lane of traffic and waited an appreciable time before defendant crashed his car into the rear of plaintiff's automobile. Defendant asserts, contrariwise, that he was only two or three feet to the rear of plaintiff's car traveling about five miles per hour, and that plaintiff brought his vehicle to a very abrupt stop. The plaintiff admits that he did not give any hand or arm signal that he was going to stop but indicated that his red lights flared when he stepped on the brake pedal. Defendant did not notice whether the brake lights on the plaintiff's car worked at the time.
As to the conflicting versions of plaintiff and defendant we view, as did the trial judge, the environment and circumstances surrounding and attending the accident as within the jury's province to determine the issues and render their verdict in the case.
The criticism of plaintiff as to the correctness of the legal content of the charge on contributory negligence we find to be without basis for error; nor do we find error as to the other charges complained of.
In order to determine whether an instruction is erroneous, it should be considered in connection with all the other instructions given, and the pleadings and evidence in the case. Georgia Southern & F. Ry. Co. v. Hamilton Lumber Co., 1912, 63 Fla. 150, 58 So. 838. So, in passing upon a single instruction, such instruction must be judged in the light of all other instructions given, bearing upon the same subject, and if when so judged, the law appears to have been fairly presented to the jury, an assignment of error based upon the instruction assailed cannot prevail. Seaboard Air Line R. Co. v. Haynes, Fla. 1950, 47 So.2d 324.
We must conclude that under the facts the controversy was for the jury to decide, and we cannot say that the court erred in its jury instructions.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.