142 So.2d 358 (1962)
William A. CROSBY, Appellant,
v.
Ray W. STUBBLEBINE, Appellee.
No. 2556.
District Court of Appeal of Florida. Second District.
June 13, 1962.
*359 H. Eugene Johnson of Brown & Johnson, Tampa, for appellant.
Marvin E. Barkin and Michael L. Kinney, of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellee.
PER CURIAM.
Appellant-plaintiff has perfected this appeal from a judgment entered pursuant to jury verdict for the appellee-defendant in an automobile negligence action. Errors are asserted to have been committed by the trial judge through the giving of a jury instruction at the instance of appellee, said by appellant to have been prejudicial to him, and through failure to give two charges requested by the appellant.
It is urged by appellee that there is no adequate record before this court to substantiate a determination that the trial court committed the claimed prejudicial errors. With this we must agree. The record on appeal submitted to this court by appellant does not contain the testimony presented to the jury. That procedural omission is fatal to this particular appeal.
Generally, all instructions given by a trial court should be considered in the light of the evidence before reversible error can be ascertained, and if the jury does not appear to have been misled or confused, and no other prejudice or harm has resulted, the judgment must be affirmed. Winthrop v. Carinhas, 1940, 142 Fla. 588, 195 So. 399. In testing assignments of error based on the giving of instructions, an appellate court will interpret the charges with reference to the evidence and pleadings. Winfield v. Truitt, 1916, 71 Fla. 38, 70 So. 775. Whether an instruction is erroneous should be determined by considering it in connection with all other instructions, pleadings, and evidence. Staicer v. Hall, Fla.App. 1961, 130 So.2d 113. The same test should be applied in deciding whether a requested charge was erroneously refused by the court. Stanley v. State, 1927, 93 Fla. 372, 112 So. 73.
This court, therefore, cannot conclude that reversible error here exists, since the testimony elicited below, which has not been placed before this court through the record on appeal, may have been of such a nature as to render harmless any errors that might have been committed in connection with the jury instructions involved in this appeal. Accordingly, judgment of the trial court must be affirmed.
Affirmed.
SHANNON, C.J., and KANNER and SMITH, JJ., concur.