143 So.2d 532 (1962)
William J. BUSSER, Appellant,
v.
Anthony SABATASSO, Appellee.
No. 61-504.
District Court of Appeal of Florida. Third District.
July 10, 1962.
Rehearing Denied August 22, 1962.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellant.
Fuller & Brumer and Kenneth L. Ryskamp, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
*533 PEARSON, TILLMAN, Chief Judge.
The defendant appeals a final judgment based upon a jury verdict which assessed both compensatory and punitive damages against him. Defendant's car ran into the rear of plaintiff's car after the latter had stopped in obedience to a traffic light. There was evidence presented that defendant gave the appearance of a person under the influence of intoxicating liquor. He himself testified that while he had consumed some liquor, his condition was the result of the unexpected effect of medicine that was prescribed for a heart condition.
The appellant has presented three points upon this appeal: (1) Did the court err in permitting the investigating police officer and other witnesses to testify as to the results of certain tests administered by the police officer to the defendant? (2) Was the evidence sufficient to support plantiff's claim for punitive damages? (3) Was it prejudicial error to give the following instruction over defendant's objections:
"I charge you that where one has notice or knowledge of the existence of a physical ailment that necessitates the use of drugs that may impair the power to control or operate a motor vehicle, it is negligence to an extreme degree for such person to operate such vehicle.?"
We hold that the first point is not raised on this record. Appellant's assignment directed to this point goes only to the admission of certain testimony of the policeman. We cannot, therefore, consider the point as directed to the testimony of bystanders. Rank v. Sullivan, Fla.App. 1961, 132 So.2d 32, 37 and cases there cited. A review of the testimony of the policeman reveals that he did not testify as to the results of a test. The extent of the officer's testimony was that he observed the defendant after defendant got out of his car and that he acted as a person under the influence of alcohol sometimes acts.
The second point raised requires a consideration of the entire evidence in the light most favorable to the verdict. It is clear that if the jury had chosen to accept the defendant's explanation of his condition, there would not have been sufficient evidence to support plaintiff's claim. It is equally clear that without defendant's explanation the evidence was sufficient.
Appellant's assignment of error directed to his second point urges that the trial judge erred in submitting to the jury the issue of punitive damages. The record shows that at the close of plaintiff's case the judge denied defendant's motion for a directed verdict upon the issue of punitive damages. If the plaintiff had not called the defendant as an adverse witness under Rule 1.37(a), Florida Rules of Civil Procedure, 30 F.S.A.,[1] there would have been no question as to the issue of punitive damages at that time because defendant's explanation of his condition would have come after the motion. The plaintiff, however, did call the defendant and elicited his testimony. Thus the question is, did defendant's explanation destroy plaintiff's prima facia case for punitive damages? We have recently considered an appeal in which we affirmed a directed verdict for a defendant because the unrefuted testimony of the defendant as an adverse witness established that he was not guilty of any negligence. Gordon v. Sutherland, Fla.App. 1961, 131 So.2d 520. Does a similar situation exist here so as to establish that the present appellant was *534 not guilty of that degree of negligence sufficient to support punitive damages?
The answer to this question must turn upon the whole record. In the Gordon case there was no proof of negligence but a possible inference from the presence of defendant's cow upon the highway. An unrefuted explanation as to how the cow got on the highway removed the possible inference and left the plaintiff without a case.
In the instant case, defendant's explanation of his condition was not the only explanation before the jury. Bystanders smelled whiskey and testified that in their opinion the defendant was intoxicated. The evidence before the trial judge thus presented a conflict as to the cause of defendant's condition. As to the conflict, under Rule 1.37(a) of the Florida Rules of Civil Procedure and the cases interpreting the rule, the plaintiff was not bound by the testimony of the defendant. This being true, the evidence before the court at the close of plaintiff's case was sufficient to carry the issue of punitive damages to the jury.
We turn now to the question of the propriety of the following instruction:
"I charge you that where one has notice or knowledge of the existence of a physical ailment that necessitates the use of drugs that may impair the power to control or operate a motor vehicle, it is negligence to an extreme degree for such person to operate such vehicle."
The appellant urges that the instruction presupposes notice or knowledge on appellant's part that the medications he took might impair his power to control an automobile. The issue of defendant's prior knowledge of the effect of the drugs he was taking was one of the more vigorously contested issues before the jury. The jury was instructed that they were to determine the issues of fact. The charge was designed to inform the jury of the degree of negligence to be attributed to such knowledge if, in fact, the jury found that such knowledge did exist. Although it could have been more clearly and explicitly drawn, it correctly states the law as set forth in Bridges v. Speer, Fla. 1955, 79 So.2d 679, 681.
Appellant urges that this holding is in conflict with our own opinion in Williams v. Frohock, Fla.App. 1959, 114 So.2d 221. In that case we affirmed a directed verdict for the defendant upon the issue of punitive damages because the facts were found to reflect no actual notice to defendant that he might "blackout". In the instant case the issue was tried and found adversely to the appellant by the jury. This finding is amply supported in the record by defendant's admission that the medicine had previously made him dizzy. Add to this the effect of such liquor as he admitted consuming, and we think a jury could well find that for undertaking the operation of an automobile the defendant was negligent to a degree sufficient to support punitive damages.
Lastly, appellant says the instruction ignores the fact that defendant's action must be the proximate cause of plaintiff's damages. Hardly any charge to the jury would escape error if taken paragraph by paragraph. The proper test is whether the charge as a whole adequately presents the law upon the issues. Martin v. Tindell, Fla. 1957, 98 So.2d 473. Staicer v. Hall, Fla.App. 1961, 130 So.2d 113, 114. The necessity that defendant's claimed negligence be the proximate cause of any injury suffered was the subject of the paragraph in the charge which preceded the one here claimed as error. We do not think the jury was misled.
Having considered each point presented by appellant and finding no reversible error, the judgment is affirmed.
Affirmed.
NOTES
[1] "Adverse Witness. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross examined by the adverse party only upon the subject matter of his examination in chief."