PER CURIAM.
Appellants, plaintiffs in the trial court,, appeal in adverse final judgment rendered upon a jury verdict in a personal injury action. They urge error on the part of the trial judge in giving a charge to the-jury on a Metropolitan Ordinance[1] relative to pedestrian traffic alongside a street where no sidewalk was provided, and im refusing a challenge to a juror for alleged' cause.
We have examined the record and' find no error in the trial judge’s giving of the requested instruction in light of the evidence before him. It appears that possibly he should have given a charge as to whether or not the area wherein the injured party was walking was intended to be, in fact,, a sidewalk. However, our review in this-matter is precluded by the failure of counsel for the appellants to properly bring-before this court the requested charges-which were tendered to the trial judge. Therefore, in accordance with the following authorities, we are unable to consider this point. See: Thomas v. State ex rel. Roberts, 37 Fla. 378, 20 So. 529; Younglove v. Knox, 44 Fla. 743, 33 So. 427; 2 Fla. Jur., Appeals, § 318. Also see: Staicer v. Hall, Fla.App.1961, 130 So.2d 113; Crosby v. Stubblebine, Fla.App.1962, 142 So.2d 358; Busser v. Sabatasso, Fla.App.1962, 143 So. *825 2d 533. As to the question of the trial judge’s failure in refusing a challenge to ■a juror for alleged cause, it would appear that the point is not well-taken under the following authorities: Green v. State, 40 Fla. 191, 23 So. 851; Hicks v. State, Fla.App.1962, 138 So.2d 101; 20 Fla.Jur., Juries, § 98.
Therefore, for the reasons stated above, the judgment under review is hereby affirmed.
Affirmed.

. Code of Metropolitan Dade County, Florida, § 30-139. “Walk at left side of roadway; soliciting rides.
“(a) Pedestrians walking along a street or roadway where sidewalks are not provided shall walk on the left side of the street or roadway facing approaching traffic. This subsection shall also be applicable to persons riding animals.”