JOHNSON, Judge.
This is an appeal from a final judgment entered upon a jury verdict in an automobile collision case, finding the defendant not guilty.
The facts are in dispute, but basically are as follows: The plaintiff-appellant, had been driving East on a street hi DeLand, and according to plaintiffs eye witness, was stopped at the right or south curb, when the automobile driven by the defendant, which was also travelling East, ran into the left rear fender of plaintiff’s car, knocked plaintiffs car out of the way, or at least kept on past plaintiff’s car and came to a stop next to the curb. Defendant contends that she was following the plaintiff at about 30 miles per hour and was following at “about a length or a length and a half of a car behind her,” when she, the plaintiff, suddenly pulled in toward the curb without giving any signal and the back end of her car was out in the lane of traffic when the right front of defendant’s car hit the back left of plaintiff’s car. There was a bakery at or near where the accident happened and the plaintiff’s deposition alleges that plaintiff had pulled into the curb, parked her car, put on the brakes and was starting to get out of her car when the defendant struck her car. There were alleged damages, but this is not material to this appeal.
At the conclusion of the trial, the court charged the jury at length. The particular charge given in the general charges that we think pertinent to this appeal is as follows :
“The Court charges you, Gentlemen of the Jury, that although a motorist has a right to follow another motorist at a reasonable and safe distance, he must, however, govern his speed or keep back a reasonable safe distance so as to provide for the contingency of the car in front suddenly stopping, and the Court further instructs you that a motorist while following in the rear of another motorist must maintain a proper lookout for the car immediately preceding him so he can stop without colliding with the car in front of him, or turn out sufficiently to pass the vehicle in front of him, in the event the motorist in front of him comes to a stop.”
After the jury had retired and deliberated for a while, it returned and requested a further instruction thusly: “We would like the law of the responsibility of a driver of a car with reference to the car ahead and the car behind.” To this request, over the objection of the plaintiff, the trial court gave the following special instruction:
“Gentlemen of the Jury, you have already been instructed on those two points, but I am not surprised you might have missed it under the multiple words that you heard under the instructions. I’m not surprised at all.
*645 “I shall restate in an abbreviated form the rules of law governing the question asked by your Foreman, and it is this:
“The general rule of law governing motorists or the drivers of all cars is that all drivers are required to use for safety of themselves and all others using the highways the ordinary and reasonable prudence of a person under like and similar conditions. That is the general rule.
“Now, specifically, the rule governing the driver of a car which you describe as the car in front, I shall say is that the driver of that car is under a duty to drive it safely under the circumstances, and as long as it is in motion or being driven, in motion along the street or highway, is to not deviate from its normal customary established course, to not radically deviate from its normal established course without a warning or signal of some kind as authorized by law, either a hand signal or an electric signal. To do otherwise, would be negligence.
“Likewise, relating to the car that follows, or car behind, as you refer to it in your question, the driver of that vehicle is required under the law to drive it safely and follow at such safe distance as the circumstances require to enable the driver of the following vehicle where under ordinary and reasonable circumstances the driver of the following vehicle can, the requirement of the following vehicle is that the driver keep a lookout and proceed at such a distance in back of the car ahead as to enable the driver of the rear car to avoid hitting the car in front if it stops legally or does not commit acts of negligence such as drastically deviating from its usual and normal course without a signal.”
The appellant filed her assignments of error but later was allowed by this Court to amend the assignments of error so that we are now confronted only with the assignments of error the giving of the additional instruction to the jury upon its request therefor.
The appellee filed her brief in this Court on April 1, 1966, along with a motion to dismiss this appeal. On April 21, 1966, the ap--pellant filed her motion for leave to amend her assignments of error by adding as error the giving of the specific or additional in-( struction recited supra. On May 6, 1966,' this court granted the appellant’s request for leave to amend her assignments of error and denied the appellee’s motion to dismiss the appeal. Probably because of these procedural gymnastics, about half of the ap-pellee’s brief is devoted to a question or points no longer applicable to this appeal.
The appellee contends that it has been consistently held by the appellate' courts of this state that the propriety of in-! structions to the jury may not be consider-! ed unless all of the evidence before the trial, court has been presented for review by the appellate court. Many cases are cited in support thereof, but probably the strongest and latest appears in Keyser v. Brunette, 188 So.2d 840 (Fla.App. 2nd, 1966). We agree that this is the recognized law if there does not exist any other defect apparent upon the face of the record before the appellate court.
In the case sub judice, however, the complete instructions to the jury are before us and the trial court after having originally, given what we think to be a correct charge on the conduct of drivers of automobiles following other automobiles, at the request of the jury, gave a supplemental or further instruction on the same point. This latter instruction, however, makes a statement of the law contradictory to the original instruction, in that in the latter, the court inserts such words as “if it stops legally or does not commit acts of negligence such as drastically deviating from its usual and normal course without a signal.”
At the time of giving the original instruction, the trial court had heard all the evidence and at that time did not see fit to direct attention to the front car being negligent in turning or stopping “legally” and *646 therefore to specifically point this out in the subsequent instruction, without any additional evidence to warrant such drastic change in the instruction, we believe to be misleading, confusing to the jury. The latter instruction also was erroneous in that it raised additional issues without going further and instructing upon such issues, such as stopping legally. The charge as originally given was a correct statement of the law. The latter charge is erroneous. This latter charge said too much or too little. It needed further clarification or it should have been a reiteration of the former charge.
For these reasons, we feel that the jury was misled by the latter instruction and said judgment should be and is hereby reversed and said cause remanded for a new trial.
RAWLS, C. J., and SACK, J., concur.