277 So.2d 803 (1973)
Charles F. STEWART and Mary Nell Stewart, His Wife, Appellants,
v.
James Howard DRAWDY, Appellee.
No. 72-558.
District Court of Appeal of Florida, Second District.
May 23, 1973.
Arthur G. Leonhardt, Jr., of Whitfield, Wright, Leonhardt & Trickel, Orlando, for appellants.
Christopher C. Ford, Tavares, for appellee.
PER CURIAM.
Appellants, plaintiffs below, commenced this action in ejectment and a jury trial was held. The jury returned its verdict in favor of the appellee/defendant. By this timely appeal appellants contend that the trial court erred in granting certain requested jury instructions of the appellee and instructing the jury pursuant to said instructions.
After careful consideration of the record, briefs of the parties, and applicable case law, we do not find reversible error in the trial court's final judgment.
We are of the opinion that jury instructions must be viewed in light of the evidence before reversible error can be ascertained; and, if it appears that the jury has not been confused or deceived, the judgment must be affirmed. See Crosby v. Stubblebine, Fla.App. 1962, 142 So.2d 358.
In support of our conclusion, we cite the case of Staicer v. Hall, Fla.App. 1961, 130 So.2d 113, in which the late Judge Kanner of this court stated:
In order to determine whether an instruction is erroneous, it should be considered in connection with all the other instructions given, and the pleadings and evidence in the case. Georgia Southern & F. Ry. Co. v. Hamilton Lumber Co., 1912, 63 Fla. 150, 58 So. 838. So, in passing upon a single instruction, such instruction must be judged in the light of all other instructions given, bearing upon the same subject, and if when so judged, the law appears to have been fairly presented to the jury, an assignment of error based upon the instruction assailed cannot prevail. Seaboard Air Line R. Co. v. Haynes, Fla. 1950, 47 So.2d 324.
We further note under the totality of the circumstances of this case that we do not deem the function of this court to be to substitute its judgment for that of the trial court.
The final judgment of the trial court is, therefore,
Affirmed.
HOBSON, A.C.J., and McNULTY and BOARDMAN, JJ., concur.