327 So.2d 885 (1976)
SECURITY MUTUAL CASUALTY COMPANY, a Foreign Corporation for Profit, and Roberto Rigal, Appellants,
v.
Debra Jo BLEEMER, Appellee.
No. 75-542.
District Court of Appeal of Florida, Third District.
February 3, 1976.
Rehearing Denied March 3, 1976.
*886 Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stieglitz, Miami, for appellants.
Horton, Perse & Ginsberg, George P. Telepas, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Security Mutual Casualty Company and Roberto Rigal, defendants in the trial court, appeal from a final judgment on jury verdict awarding $10,000 to Debra Jo Bleemer, the plaintiff, for auto accident injuries.
The plaintiff filed a complaint for damages alleging in the first count that on June 28, 1972, she was injured in an accident with a car driven by David Pizer and owned by Frances Kuzud, and in the second count, that on July 10, 1972, she was injured in another accident with a car owned and operated by Roberto Rigal. The plaintiff's theory throughout the proceedings, as alleged in the pleadings and proved by the testimony, including that of the doctors, was that the injuries sustained in the first and second accidents could not be apportioned. During the joint trial, the plaintiff settled with defendants Kuzud, Pizer and Allstate Insurance Company in the amount of $7,000 for injuries resulting from the first accident. After settlement was announced, the trial proceeded against Rigal and Security Mutual, defendants in the second accident. At the conclusion of the presentation of all of the evidence and the arguments of counsel, the judge instructed the jury on the applicable law, and gave the following instruction with reference to damages:
"Any aggravation of an existing disease or physical defect, resulting from such injury.
If you find that there was such an aggravation, you should determine, if you can, what portion of Debbie's condition resulted from the aggravation and make allowance in your verdict only for the aggravation.
However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition."
Neither plaintiff nor defendant objected to the instruction, and neither requested that the jury be instructed to specify whether its verdict reflected apportioned or total damages. The jury rendered a verdict awarding Debra Jo Bleemer $10,000 against Rigal and Security Mutual Casualty Company. Final judgment was entered on the verdict and this appeal ensued.
The sole point presented on appeal by defendants Rigal and Security Mutual is that the trial court erred in refusing to set off the $7,000 received by the plaintiff in the settlement on the first accident, against the $10,000 jury verdict against them for the second accident. They contend that due to the plaintiff's allegations, as proved by the evidence, that the damages could not be apportioned, the $10,000 verdict reflects the total amount of damages for injuries sustained by the plaintiff in both accidents. Thus, they seek to have the judgment reversed and the cause remanded with directions to set off the $7,000 settlement against the $10,000 verdict and enter a judgment against them in the amount of $3,000.
It is obvious that there is no way to determine whether in reaching the amount of $10,000 as its verdict for the plaintiff, the *887 jury did so by apportioning or not apportioning her damages[1] because the instruction given by the trial court was inconsistent with the pleadings and the testimony adduced thereon, and the jury was not requested to make such a finding by special interrogatory.
As previously noted, no objection to the instruction was made by either party. It is well settled that in order to reverse a trial court it is ordinarily necessary for the trial court to have passed upon the issue which is raised in the appellate court. Walker v. Hampton, Fla.App. 1970, 235 So.2d 325. However, there is an exception to the requirement for an objection. That is where the record viewed as a whole demonstrates that the error complained of may be considered a fundamental error. Frankowitz v. Beck, Fla.App. 1972, 257 So.2d 918. The harmless error doctrine is applicable to jury instructions. Ashland Oil, Inc. v. Pickard, Fla.App. 1972, 269 So.2d 714, 722.
We must consider, then, on the record presented in this case, including the plaintiff's pleadings and the evidence which showed that the damages were not apportionable, whether or not it was fundamental error for the court to instruct the jury to apportion the damages, if possible, and if not, to make an award for the plaintiff's total damages, without submitting a special interrogatory to determine whether the verdict represented total or apportioned damages.
Settled law requires that the trial judge fully and fairly instruct the jury on the issues in the cause. Ashland Oil, Inc. v. Pickard, Supra. As stated in Crosby v. Stubblebine, Fla.App. 1962, 142 So.2d 358, instructions given by a trial court generally should be considered in the light of the evidence before reversible error can be ascertained, and if the jury does not appear to have been misled or confused, and no other prejudice or harm has resulted, the judgment must be affirmed. Winthrop v. Carinhas, 1940, 142 Fla. 588, 195 So. 399. In determining whether the court erred in giving a certain instruction, the appellate court is to interpret the charges with reference to the evidence, pleadings, and all other instructions. Winfield v. Truitt, 1916, 71 Fla. 38, 70 So. 775; Staicer v. Hall, Fla.App. 1961, 130 So.2d 113.
Applying the foregoing rules to the question presented in this case, we determine that giving the instruction without a special interrogatory to determine whether the jury apportioned the damages, constituted reversible error. Therefore, the final judgment is affirmed as to liability and reversed as to damages. The cause is remanded for a new trial to be limited to the issues of the plaintiff's damages.
Affirmed in part and reversed in part with directions.
NOTES
[1] Compare Crosby v. Ashley, Fla.App. 1974, 291 So.2d 12.