330 So.2d 828 (1976)
Howard YACKER, Appellant,
v.
Jay TEITCH and Muriel Teitch, His Wife, Appellees.
Jay TEITCH, Appellant,
v.
Howard YACKER, Appellee.
Nos. 75-605 and 75-629.
District Court of Appeal of Florida, Third District.
April 13, 1976.
Rehearing Denied May 12, 1976.
*829 Bolles, Goodwin, Ryskamp & Welcher, Miami, for Yacker.
Sam Daniels, Miami, for Teitch.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
These are consolidated appeals from a final judgment on a jury verdict in favor of the plaintiff in a defamation of character action stemming from remarks made by the defendants about child molesting.
In the first appeal, the successful plaintiff, Howard Yacker, contends that the trial court erred in ruling that defendant, Muriel Teitch, the wife of defendant, Jay Teitch, is not liable to the plaintiff, and in entering a judgment non obstante veredicto in her favor.
The entry of a judgment non obstante veredicto should be tested by the rules applicable to motions for directed verdicts, for such judgment is essentially an order granting a motion for a directed verdict during trial except that the judgment is made after the jury has returned the verdict. A motion for a judgment notwithstanding the verdict should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. Macrellis v. George, Fla.App. 1967, 202 So.2d 107. As this court stated in Florida Tomato Packers, Inc. v. Wilson, Fla.App. 1974, 296 So.2d 536, 540:
"Motions for directed verdict, judgments in accordance with motion for directed verdict upon which ruling has been withheld, and judgments n.o.v., all share the following rules relating to their disposition by the trial court, and, on review, by an appellate court. Such motions should be cautiously granted and affirmed, and then only when it can be said, after viewing the evidence and testimony in the light most favorable to the non-moving party, that a jury could not reasonably differ as to the credibility of the witnesses, or the existence of a material fact or a material inference, and that the movant is entitled to judgment as a matter of law. E.g., McCabe v. Watson, Fla.App. 1969, 225 So.2d 346, *830 cert. den., Fla. 1970, 232 So.2d 739;" (further citations omitted)
In accordance with the foregoing principles of law, we are of the opinion that the judgment non obstante veredicto in favor of Muriel Teitch was properly granted and that no reversible error has been demonstrated in this respect.
In the second appeal, defendant Jay Teitch contends that the trial court erred in its charge to the jury on slander per se and on damages and in refusing to charge the jury on qualified privilege. Jury instructions must be viewed in light of the evidence before reversible error can be ascertained. If it appears that the jury has not been confused or deceived, the judgment must be affirmed. Stewart v. Drawdy, Fla.App. 1973, 277 So.2d 803. In determining whether a specific instruction is erroneous, it should be considered with all the other instructions given, and the pleadings and evidence in the case. Staicer v. Hall, Fla.App. 1961, 130 So.2d 113. The proper test is whether the charge as a whole adequately presents the law upon the issues. Busser v. Sabatasso, Fla.App. 1962, 143 So.2d 532. In passing on a single instruction, it is to be judged in the light of all other instructions given, bearing upon the same subject and if when so judged, the law appears to have been fairly presented to the jury, an assignment of error based on the challenged instruction cannot prevail. Staicer v. Hall, supra. We have considered the instructions challenged by Teitch in the context of the entirety of the court's charge to the jury. In our opinion, the court gave the jury a fair presentation of the law.
Accordingly, the final judgment herein appealed is affirmed as to the plaintiff and the defendants.
PEARSON, Judge (dissenting).
I would reverse and remand for a new trial upon the ground that the court erred in refusing to charge on the qualified privilege doctrine and in giving the charge that malice was to be presumed under the circumstances of this case. See Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906).