BASKIN, Judge.
Underwriters at LaConcorde [Underwriters] appeals the Order Amending Final Judgment deleting an award of prejudgment interest from a Final Judgment entered pursuant to a jury verdict in favor of Underwriters in a subrogation action. Underwriters sought reimbursement for payments it made as compensation for damages sustained by Underwriters’ insured. This action was predicated upon the alleged negligence of Airtech Systems, Inc. [Air-tech] in inspecting and maintaining the insured’s aircraft, leading to the collapse of the craft’s landing gear and the ensuing damage to the hull. The jury found Air-tech 100% negligent. Underwriters appeals the Order Amending Final Judgment, and Airtech “cross-appeals” the Final Judgment. We affirm.
Underwriters contends that the trial court correctly added an award of prejudgment interest to the Final Judgment, but that it erred in subsequently deleting the prejudgment interest award. Underwriters maintains that the propriety of an award of prejudgment interest is a question of law to be determined by the court in an action based upon liquidated damages. Furthermore, argues Underwriters, even if the question should have been decided by the jury, Underwriters' oral request for a jury instruction on prejudgment interest and its proposed verdict form were sufficient to require submission of the issue to the jury. We disagree and hold that prejudgment interest is a question for jury determination; because Underwriters’ failed to furnish the court with a written request for a jury instruction directed to the issue, the court properly refused to instruct the jury on prejudgment interest.
Florida appellate courts have reached conflicting conclusions regarding the issue *388 of prejudgment interest awards. The first and fourth districts have enunciated a rule relieving the court of the obligation to submit the question of prejudgment interest to the jury where the amount of damages is liquidated. See A.O. Smith Harvestore Products v. Silver Cattle Co., 416 So.2d 1176, 1179 (Fla. 1st DCA 1982) (where insurer paid insured pursuant to insurance policy and amount of damages not disputed below, damages incurred by insurer liquidated upon payment, and prejudgment interest “permissible even though verdict fail[ed] to allow it or indicate a decision to allow interest”); Broward County v. Sattler, 400 So.2d 1031, 1033 (Fla. 4th DCA 1981) (where no dispute existed regarding amount of compensation sought by county employee for termination of employment without notice, there was “no need to submit the question of [prejudgment] interest to the jury where the amount of damages [was] liquidated and the assessment merely require[d] calculation”); Fort Pierce Toyota, Inc. v. Wolf, 345 So.2d 348 (Fla. 4th DCA 1977) (in action for breach of contract based on stopped payment on check, trial court erred in denying post-verdict motion to tax prejudgment interest on amount of check where face amount of check was for liquidated sum). In addition, the United States Court of Appeals for the Fifth Circuit has stated that “under Florida law, a judge may add interest to a jury’s award for liquidated damages.” Plantation Key Developers v. Colonial Mortgage Co. of Indiana, 589 F.2d 164, 170-71 (5th Cir.1979).
The Third District Court of Appeal, however, considers an award of prejudgment interest a question for jury determination without regard to whether the damages are liquidated. In Shulman v. Cort Aviation Corp., 330 So.2d 114, 115 (Fla. 3d DCA 1976) this court stated that where “the verdict rendered by the jury [does] not allow or provide for the allowance of interest, ... it [is] error for the court, in entering judgment on the verdict, to add to the sum assessed by the jury an additional sum for interest thereon.” Where interest is an element of damages, and the jury fails to award interest, the trial judge is not authorized to include interest in the judgment. Shoup v. Waits, 91 Fla. 378, 107 So. 769 (1926); Commodore Plaza at Century 21 Condominium Association v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), appeal dismissed, cert. denied, 362 So.2d 1051 (Fla.1978); Grayson v. Fishlove, 266 So.2d 38 (Fla. 3d DCA 1972); Wabash Fire & Casualty Insurance Co. v. Holloway, 139 So.2d 145 (Fla. 3d DCA 1962); Bailey v. Swartz, 97 So.2d 310 (Fla. 3d DCA 1957), cert. denied, 102 So.2d 728 (Fla.1958).
Underwriters asserts that the trial court should have granted its oral request for a prejudgment interest instruction. The record reflects that during the charge conference, Underwriters requested additional time to present a written instruction, and that the court denied the request.[1] *389 Accordingly, when Underwriters submitted a verdict form which permitted an award of prejudgment interest, but failed to provide an appropriate instruction for the jury, the court properly refused to submit the form.
The court’s refusal to give the orally requested instruction followed the mandate of Florida Rule of Civil Procedure 1.470(b).
Instructions to Jury. Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same.
It is well established that failure to submit a written request for an instruction waives the right to object to the court’s refusal to give the charge. See Jackson v. Harsco Corp., 364 So.2d 808 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 72 (Fla.1979); Ellis v. Golcondo Corp., 352 So.2d 1221 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 714 (Fla.1978). We agree that had counsel requested the jury instruction in writing, as the rule demands, the trial court would have been required to grant the request. Jockey Club, Inc. v. Bleemer, Levine & Associates Architects & Designers, 413 So.2d 433 (Fla. 3d DCA 1982).
In conclusion, we reiterate our previous holding that prejudgment interest is an element of damages to be decided by the jury upon appropriate instruction by the court. By failing to submit a written instruction on prejudgment interest, Underwriters waived the right to complain of the court’s failure to instruct on that point.
Next, we address Airtech’s cross-appeal. The rule permitting a cross-appeal “contemplates an appeal from the same judgment from which the original appeal is taken_ The function of a cross-appeal is to call into question error in the judgment appealed, ...” Webb General Contracting v. PDM Hydrostorage, 397 So.2d 1058, 1059-60 (Fla. 3d DCA 1981). Underwriters’ appeal was directed solely to the post-judgment order; Airtech’s cross-appeal addressed the original Final Judgment. Airtech’s appeal was a timely appeal from the Final Judgment; thus, we follow Florida’s liberal appeal policy and entertain Airtech’s appeal. We discern no substantial prejudice in following this procedure.[2] See Ratner v. Miami Beach First National Bank, 362 So.2d 273 (Fla.1978); Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977); Brown v. Winn-Dixie Stores, 267 So.2d 78 (Fla.1972); Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla.1966).
Airtech contends that the trial court erred in instructing the jury pursuant to a regulation not in effect at the time of the alleged negligence and that reversal is required. A similar regulation in effect at the time rendered the error harmless. See § 59.041, Fla.Stat. (1977). Jury instructions should be considered in their entirety and in terms of the evidence presented. Georgia Southern & F. Ry. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 So. 838 (1912); Yacker v. Teitch, 330 So.2d 828 (Fla. 3d DCA 1976); Stewart v. Drawdy, 277 So.2d 803 (Fla. 2d DCA 1973); Stacier v. Hall, 130 So.2d 113 (Fla. 2d DCA 1961). *390 As to Airtech’s remaining point, we find no merit in the assertion that Underwriters was neither a legal entity nor the real party in interest. See Holyoke Mutual Insurance Co. v. Concrete Equipment, 394 So.2d 193 (Fla. 3d DCA), review denied, 402 So.2d 609 (Fla.1981); Fla.R.Civ.P. 1.210(a); § 624.04, Fla.Stat. (1977).
Affirmed.

. The record reflects the following colloquy between the court and Underwriters’ counsel:
THE COURT: If your verdict is for the Defendant, Airtech Services, you will not consider the matter of damages, but if your verdict is for the Plaintiff, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows it sustained as a result of the incident complained of.
You shall consider the following elements. Have you got a copy of this?

MR. PALMER: Yes, sir, your Honor. The objection that in this case—
THE COURT: Which one?
MR. PALMER: In determining the total—
THE COURT: The third paragraph?
MR. PALMER: No, sir, the second paragraph of "[sic] any amounts actually paid to the Plaintiff’s insured less any amounts received by the Plaintiff from the sale of subject aircraft following the incident complained of, plus the additional costs, which were in the record, which were as a result of having to investigate this loss, plus prejudgment interest on that sum from the period that the sum became paid the sum was paid by Underwriters—
THE COURT: Did you prepare me an instruction on this?
MR. PALMER: No, sir, your Honor, I didn’t.
THE COURT: I’m going to give the Defendant’s instruction.
*389 MR. PALMER: Your Honor, I feel that if you would give me two minutes, I would prepare you an instruction on it.
I feel it’s appropriate under Huntly versus Baya, 136 S2d[sic] 248, in that this is a liquidated damages case.
THE COURT: The next one, your verdict should be based on the evidence which has been received. They are standard.

. The issue of Airtech’s ability to seek review of the Final Judgment by cross-appeal of the post-judgment order was not addressed in the briefs but was raised in Underwriters’ Motion to Strike Cross-Brief which was denied by this court.