MILLS, Judge.
Harmon appeals from a jury verdict finding him 90% negligent in his suit against Seaboard System Railroad (SSR) under 45 U.S.C. § 51, et seq., the Federal Employer’s Liability Act (FELA). We affirm.
Harmon was injured in the course of his employment with SSR when he tripped in a darkened rail yard and fell into a pit. He filed suit against SSR under FELA, alleging breach of the duties to provide a reasonably safe place to work and to properly supervise employees.
A three-day trial of Harmon’s complaint evidently took place, although Harmon did not provide the court with a transcript of that proceeding despite an order requiring him to do so. The jury returned a verdict finding him 90% negligent and SSR 10% negligent. This appeal followed.
Although Harmon’s initial brief does not comply with the appellate rules and is difficult to follow, he appears to complain of the trial court’s failure to instruct the jury on the legal standard of negligence and on SSR’s safety rules. His reply brief does not elaborate on these allegations as he simply refiled his initial brief. In any case, Harmon’s arguments are without merit.
If there does not exist any other defect on the face of the record before the court, the propriety of instructions to the jury may not be considered unless all of the evidence before the trial court has been presented for review to the appellate court. Casazza v. Emerson, 194 So.2d 643, 645 (Fla. 1st DCA 1967). The reasoning behind this principle is well set out in Crosby v. Stubblebine, 142 So.2d 358 (Fla. 2d DCA 1962), wherein the appellant alleged error in the trial court’s failure to give two charges which he had requested. In affirming the judgment, the appellate court stated:
Generally, all instructions given by a trial court should be considered in the light of the evidence before reversible error can be ascertained, and if the jury does not appear to have been misled or confused, and no other prejudice or harm has resulted, the judgment must be af *786 firmed. In testing assignments of error based on the giving of instructions, an appellate court will interpret the charges with reference to the evidence and pleadings. Whether an instruction is erroneous should be determined by considering it in connection with all other instructions, pleadings, and evidence. The same test should be applied in deciding whether a requested charge was erroneously refused by the court. This court, therefore, cannot conclude that reversible error here exists, since the testimony elicited below, which has not been placed before this court through the record on appeal, may have been of such a nature as to render harmless any errors that might have been committed in connection with the jury instructions involved in this appeal. Accordingly, judgment of the trial court must be affirmed.
Crosby at 359 (citations omitted).
Therefore, because Harmon did not provide “the testimony elicited below,” despite the opportunity given him by this court to supplement the record with that testimony, we affirm.
SMITH and THOMPSON, JJ., concur.