509 So.2d 985 (1987)
Jacob MATALON, Appellant,
v.
Moshe GREIFMAN, Appellee.
No. 86-2163.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Fine, Jacobson, Schwartz, Nash, Block & England and Joseph H. Serota, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
This is an appeal from an order denying a motion for a new trial. The pertinent facts are as follows. Greifman instituted the instant lawsuit seeking damages from Matalon for the loss of certain diamonds which belonged to Greifman and were either lost or stolen by third parties. Greifman alleged in part that the parties entered a consignment agreement, and that Matalon's failure to exercise reasonable care while the diamonds were in his possession resulted in the disappearance of Greifman's diamonds. As an affirmative defense, Matalon took the position that the disappearance of the diamonds was attributable to Greifman's connivance and trickery through a scheme to steal his own diamonds and hold Matalon responsible. The case was tried before a jury which rendered a verdict in favor of Greifman. Matalon appeals from the denial of his motion for a new trial, and we affirm upon the following analysis.
*986 Specifically, Matalon contends that the instructions were misleading because although the jury was instructed on the connivance and trickery defense, it was not given the opportunity to address the issue on the special verdict form. It is true that the special verdict from used did not include a question regarding the issue of Greifman's connivance and trickery. Matalon reasons that the adverse verdict may therefore have been the result of the jury's finding him negligent while simultaneously finding Greifman guilty of perpetrating a scam to steal his own diamonds. We disagree.
Generally, all instructions given by a trial court should be considered in light of the evidence before reversible error can be ascertained, and if the jury does not appear to have been misled or confused, and no other prejudice or harm has resulted, the judgment must be affirmed. Crosby v. Stubblebine, 142 So.2d 358 (Fla. 2d DCA 1962) (citing Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399 (1940)). See Giordano v. Ramirez, 503 So.2d 947 (Fla. 3d DCA 1987). The same test is applied in deciding whether a given instruction was prejudicial or whether failure to give a requested instruction was erroneous. Crosby, 142 So.2d at 359.
Throughout the trial of the instant case, evidence was presented in support of Matalon's position that Greifman stole his own diamonds. Prior to deliberations, the court instructed the jury that it was to indicate on the special verdict form whether it found Greifman "guilty of connivance and trickery." As we previously noted, the verdict from actually used did not explicitly provide for such a determination. After instructing the jury, however, the court carefully explained each special interrogatory on the verdict form. Upon reaching the question of whether Matalon was negligent, the court stated:
"I referred to the instructions on connivance and trickery. There is a specific reference not on this verdict form, but is to be considered by you whether there was any negligence on the part of the parties involved in this case."
After deliberating for two and one half hours, the jury rendered its verdict in favor of Greifman.
In the context of the entire proceeding, we conclude that the jury instruction on connivance and trickery does not appear to have misled the jury. First, the jury was specifically instructed that it was to consider the connivance and trickery defense before deciding whether there was any negligence involved. Second, because of the inconsistent positions taken by the parties, the jury necessarily had to choose one version of the facts over the other. If the jury had believed Matalon's version of how the diamonds disappeared, it would have so indicated by answering in the negative the interrogatory regarding Matalon's negligence.
In order to obtain reversal of a trial judge's denial of a motion for a new trial, it is incumbent upon an appellant to clearly demonstrate an abuse of discretion. Jones v. Airport Rent-A-Car, Inc., 342 So.2d 104 (Fla. 3d DCA 1977). For the reasons stated and based upon the authorities cited, we conclude that Matalon has not carried his burden on appeal.
We have carefully considered the remaining points on appeal and find them to be without merit.
Affirmed.