SCHOONOVER, Judge.
The appellants, R. Daniel Hamly, James L. Carter, Jr., Graydon R. Howe, and I. Lamar King, the majority stockholders of Watson and Company, seek review of a final judgment in favor of the appellee, William A. Watson. We agree with the appellants’ contention that the jury was improperly instructed on damages and, accordingly, reverse and remand for a new trial on damages. We affirm the trial court in all other respects.
On September 18, 1984, Watson and Company removed Watson from his position as chief executive officer of the corporation. A stock purchase agreement entered into between the corporation and all of its stockholders required a stockholder to sell, and the corporation to buy, his stock if that stockholder ceased to be an employee of the corporation. Pursuant to the terms of that agreement, Watson was offered the sum of $336,044.80 for his stock. Although Watson did not contest the validity of his termination as an employee of the corporation or the formula used to calculate the purchase price of his stock, he refused to accept the purchase price tendered and demanded the fair market value of his stock.
When Watson’s demand was refused, he filed an action claiming, among other things, that the appellants, as stockholders, officers, and directors of the corporation, breached the fiduciary duties they owed to him. The appellants filed a counterclaim seeking various forms of relief including specific performance of the stock purchase agreement. Prior to trial, Watson agreed to specific performance of the stock purchase agreement, and the remaining portions of the counterclaim were severed.
Watson and the appellants then went to trial on Watson’s breach of fiduciary duty *19 claim. Watson sought to recover the difference between the fair market value of his stock on September 18, 1984, and the amount he received from the corporation under the stock purchase agreement. The appellants contended that they had not breached any fiduciary duty to Watson and that he was only entitled to receive the amount called for in the stock purchase agreement.
At the jury instruction conference, the appellants requested a jury instruction that would have required the jury to determine whether Watson was entitled to receive any sum over the amount ($336,044.80) calculated pursuant to the contract formula and, if so, the amount due. Additionally, the appellants submitted a special verdict form which would have required the jury to determine whether the appellants were liable to pay Watson any sum in excess of the $336,044.80 provided for by the stock purchase agreement and, if so, would have required the jury to deduct the $336,044.80 from the fair market value of the stock. After the court refused the requested instruction and the verdict form, the court informed the appellants that they could argue these matters during closing argument. The court then approved the following instruction which makes no reference to the amount Watson received under the stock purchase agreement:
If your verdict is for the Defendants, you will not consider the matter of damages, but if your verdict is for the Plaintiff, you should determine and write on the verdict form in dollars the total amount of damage which the greater weight of evidence shows that the Plaintiff sustained as a result of the incident complained of. You shall consider the fair market value of Plaintiffs stock on September 18th, 1984.
The verdict form submitted to the jury provided that if the jury found the appellants had breached their fiduciary duty and were the legal cause of damages to the plaintiff, the jury was to determine the total amount (100%) of any damages sustained by Watson.
The jury found in favor of Watson and determined the total damages to be $546,-000.00. After the court refused to set off the amount received by Watson pursuant to the stock purchase agreement against the total damages determined by the jury, a judgment was entered, and this timely appeal followed.
The trial court must fully and fairly instruct the jury on the issues in a case, Security Mutual Casualty Co. v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976), and where a party’s theory of the case is supported by competent evidence and he properly requests an instruction on that theory, he is entitled to such an instruction. Luster v. Moore, 78 So.2d 87 (Fla.1955); Wilson v. Florida Airlines, Inc., 449 So.2d 881 (Fla. 2d DCA), petition for review denied, 456 So.2d 1181 (Fla.1984). In order to determine whether the giving or refusing to give an instruction is error, we must consider the pleadings, the evidence, and the other instructions of the court. Stewart v. Drawdy, 277 So.2d 803 (Fla. 2d DCA 1973); see also, Matalón v. Greifman, 509 So.2d 985 (Fla. 3d DCA 1987); Bleemer. If after doing so, it appears that the jury was misled or confused, a new trial must be ordered. Stewart.
The appellants defended this action on the theory that because of the stock purchase agreement Watson was not entitled to any award of damages or, in any event, not to an amount greater than the difference between the fair market value of his stock and the amount due under said agreement. Watson, furthermore, did not claim any more than that in his pleadings or at trial. The appellants were, therefore, entitled to an instruction which clearly set forth the theory of damages upon which all the parties agreed, i.e., that the maximum possible award was the difference between the fair market value of Watson’s stock on September 18, 1984, and the amount he was entitled to under the stock purchase agreement. Since the appellants’ proposed instruction and special verdict form would have fulfilled this requirement, the court’s failure to use the instruction and verdict form was error.
*20 Additionally, after the court informed the appellants that they could argue the maximum amount Watson would be entitled to under the pleadings and evidence in the case, the court instructed the jury that the arguments of counsel were not to be considered as evidence in the case or instructions on the law. The court, furthermore, only instructed the jurors to consider the fair market value of the stock on September 18, 1984, and then furnished them with a verdict form requiring them to find the total damages from the incident in question. We believe the court’s action in this regard served to confuse the jury.
Finally, although it is not error for a court to enter a judgment on the verdict in accordance with the jury’s intent when the intent of a jury is apparent, no judgment entered on the verdict is proper if the instructions may have resulted in a conclusion other than that which the jury intended. Adkins v. Seaboard Coast Line R.R., 351 So.2d 1088 (Fla. 2d DCA 1977). Because of the conflicting evidence concerning the fair market value of the stock in question, we cannot determine whether the jury did offset the amount received by Watson, or whether the court’s instructions led the jury to award the total amount to Watson with the understanding that the court would later offset said amount. Since the jury’s intent in this case is not apparent, we must reverse and remand for a new trial on damages. Adkins.
It is not necessary to retry the liability issues here since the evidence as to liability and damages was not inextricably interlaced. See Lawson v. Swim, 258 So.2d 458 (Fla. 1st DCA), cert, denied, 263 So.2d 235 (Fla.197/2).
Reversed in part and remanded.
DANAHY, C.J., and THREADGILL, J., concur.