GLICKSTEIN, Judge.
The Broward County Sheriffs Office appeals a final judgment in favor of respondent in a forfeiture proceeding. We reverse and remand.
Respondent was arrested by Broward County sheriffs deputies on charges of possession of cocaine. A small vial of cocaine was found in his automobile, which was seized by the Sheriffs Office. Forfeiture proceedings were instituted against the automobile.
When instructing the jury on the law, the trial court gave the following instructions regarding the two parties’ respective burdens of proof:
If there is evidence to rebut the existence of probable cause, then the B.S.O. must establish by competent substantial *839 evidence all of the material allegations of its claim.
Now, the greater weight of the evidence means a more persuasive and convincing force and effect of the entire evidence in the case.
In finding probable cause creates a rebuttal presumption which gives way when in conflict with other evidence and is the contrary.
Competent — substantial competent evidence means clear, strong, definite and certain, unequivocal and convincing.
We conclude that it was harmful error so to instruct the jury.
A succinct statement of the burdens of proof in a forfeiture case is found in In Re Approximately Forty-eight Thousand Nine Hundred Dollars ($48,900.00) in U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983):
The burden of proof in a forfeiture proceeding is allocated in the following manner: The governmental entity seeking forfeiture bears the initial burden of going forward, but it must only show probable cause that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute. Once the governmental entity has established probable cause, the burden shifts to the claimant to rebut the probable cause showing or, by a preponderance of the evidence, to establish that the forfeiture statute was not violated or that there is an affirmative defense which entitles the claimant to repossession of the item. See section 932.703(2)-(3), Florida Statutes (1981); see also United States v. One 1974 Porsche 911-S, 682 F.2d 283 (1st Cir.1982); United States v. Eighty-three Thousand Three Hundred and Twenty Dollars ($83,320.00), 682 F.2d 573 (6th Cir.1982); United States v. Four Million Two Hundred and Fifty-five Thousand Six Hundred and Twenty-five Dollars and Thirty-nine Cents ($4,255,625.39), 551 F.Supp. 314 (S.D.Fla.1982); United States v. One 1981 Cadillac Eldorado, 535 F.Supp. 65 (N.D.Ill.1982); United States v. One 1976 Cadillac Seville, 477 F.Supp. 879 (E.D.Mich.1979).
(Footnotes omitted).
The presence of competent substantial evidence is a standard of review for most appellate cases, and not a standard of proof at the trial level in a forfeiture case. When there is evidence at trial on both sides in a civil proceeding the preponderance of evidence standard usually applies. The expression “competent substantial evidence,” when applied at the trial level, merely describes the type or quality of evidence that is admissible, and not a standard of proof. Moreover, on its face, the trial court’s statement that attempted to explain the term “substantial competent evidence” was more nearly a description or definition of the higher standard, clear and convincing evidence than of a preponderance standard.
It is important to consider the expression of the court in context, as it was saying that the petitioner must show first that there is probable cause to allow a reasonable person to believe a crime was committed. Next, the respondent has the opportunity to rebut the existence of probable cause to believe that the vehicle was used to carry the possessed controlled substance. The trial court apparently intended to indicate that the respondent must show this by the greater weight of the evidence, but did not manage to say so. The instructions seemed to indicate that any opposing evidence would overcome the petitioner’s showing of probable cause. The court said that if there is evidence rebutting the existence of probable cause, then the petitioner must establish by what it called competent substantial evidence — but explained in a way that made it clear and convincing evidence — all the material allegations of its claim.
The instructions given were incorrect, and the issue was properly preserved for appeal. The pertinent legal principle is that whether a charge given to a jury is erroneous or misleading should be determined by considering the charge complained of in connection with all the other charges given and the pleadings and the *840 evidence in the case. Georgia Southern & F. Ry. v. Hamilton Lumber Co., 63 Fla. 150, 154, 58 So. 838, 839 (Fla.1912), and cases cited therein. A new trial should not be granted unless it appears from the whole record that an allegedly misleading charge could reasonably have influenced the verdict to the injury of the complaining party. Id. The offending instruction should be considered also in connection with all of the other instructions given. E.g. Stewart v. Drawdy, 277 So.2d 803 (Fla. 2d DCA 1973). The purpose is to see whether overall the law appears to have been fairly presented to the jury. Id.
Here, the only testimony was that of the arresting officer and of the chemist who assayed the substance contained in the vial found on the console of respondent’s automobile. Cross examination sought to shake the testimony and raise credibility questions in the minds of the jury, but there was no rebuttal evidence as such. Other jury instructions did not overcome the error in the instructions complained of.
HERSEY, C.J., and LETTS, J., concur.