78 So.2d 87 (1955)
E.J. LUSTER and Bettina Luster, his wife, Appellants,
v.
Julia M. MOORE and A.E. Moore, Appellees.
Supreme Court of Florida. Division A.
February 16, 1955.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellants.
*88 Paty, Downey & Paty, West Palm Beach, for appellees.
SANDLER, Associate Justice.
The appellees, plaintiffs in the court below, obtained a verdict and judgment, the wife for personal injuries sustained by her, and the husband for property damage and injuries to his wife, claimed to have been sustained on account of the negligent and careless operation of an automobile driven by Bettina Luster and owned by E.J. Luster.
The case went to trial on issues raised by what amounted to an answer of not guilty and contributory negligence. The defendants have appealed from this judgment. The assignments of error, though numerous, present but three questions for determination by this court.
First and largely, the appellants complain of the failure of the court to give the instructions as requested by them, instead of as given by the court. It is unquestionably true that each party to an action is entitled to have the jury instructed with reference to his theory of the case, where such theory is supported by competent evidence and the instructions properly requested, and this although such theory may be controverted by evidence of the opposing party. But this does not mean that the court is required to give the instructions in the language chosen by the parties or their counsel, or that they are entitled to the use of any particular language. The court may adopt the requested instruction if it so chooses, but unquestionably has the right to phrase instructions in language of its own, or is it deems applicable, so long as the charge or instruction is full, fair and applicable to the facts in the case. There is no error in the instructions as given by the court.
This brings us to the next question, the failure of the court to hold a conference at the conclusion of the evidence for the purpose of settling instructions as required by the rules, 39(b), 30 F.S.A. While it is the duty of the court to hold such a conference, counsel may not sit idly by on the court's failure so to do and then take advantage of such failure, when it may be advantageous after the jury verdict, to make such complaint. The record fails to disclose any request for a conference but only that, after instructions to the jury were given and the jury had retired to consider its verdict, counsel then for the first time noted an exception because of the court's failure to hold such conference. This came too late, particularly as counsel were allowed the necessary exceptions as shown by the record.
The final question is the failure of the court to grant the defendants' motion for a mistrial as the result of certain questions propounded to one of defendants' witnesses by counsel for the plaintiff, which it is charged were intended to show to the jury that an insurance company was involved. Unquestionably, efforts by counsel to inject into the case or to bring to the attention of the jury the fact that defendant is protected by insurance are not to be condoned nor should they be permitted by the trial court, but not every case justifies a mistrial.
In Carls Markets v. Meyer, Fla., 69 So.2d 789, 793, the court said:
"We are committed to the rule that evidence of insurance carried by a defendant is not properly to be considered by the jury because that body might be influenced thereby to fix liability where none exists, or to arrive at an excessive amount through sympathy for the injured party and the thought that the burden would not have to be met by the defendant. Ryan v. Noble, 95 Fla. 830, 116 So. 766.
"On the other hand, this court has held that references in the course of a trial to the defendant's insurance may become harmless by an appropriate charge from the court."
While it may be true that the questions by plaintiffs' counsel sought to advise the jury that the defendant was protected by insurance, yet the question of insurance *89 itself was not actually injected into the trial. No hard and fast rule can be laid down on questions of this kind. Each case must be judged by its own facts and the conduct of counsel. A careful consideration of the evidence in this case and the verdict of the jury fails to convince us that the jury was misled or influenced in its verdict by the question of insurance.
Affirmed.
MATHEWS, C.J., and TERRELL and ROBERTS, JJ., concur.