347 So.2d 817 (1977)
Thelma PAGE and Allan Page, Her Husband, and Allan Page, Individually, Appellants,
v.
The CORY CORPORATION, a Foreign Corporation, and Fireman's Fund American Insurance Company, a Foreign Corporation, Appellees.
No. 76-670.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Joe N. Unger, Miami, for appellants.
Corlett, Merritt, Killian & Sikes, Greene & Cooper and Sharon L. Wolfe, Miami, for appellees.
*818 Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Thelma and Allan Page, plaintiffs in the trial court, appeal an adverse final judgment for the defendant, The Cory Corporation, entered pursuant to a jury verdict in this action for breach of implied warranty alleging that the trial judge committed reversible error by instructing the jury on comparative negligence.
Thelma Page, a waitress, was injured when the glass portion of a coffee pot which she was using in connection with her duties came unattached from the plastic handle causing the boiling water in the pot to spill over the lower portion of her body. Thelma, joined by her husband, Allan, filed a breach of implied warranty action against The Cory Corporation, manufacturer of the coffee pot, and its liability insurer alleging that the coffee pot was defective because the handle was not properly secured. Cory answered that if there was a defect, then it was caused by misuse. After the parties had presented their respective cases to the jury, a charge conference was held at which the Pages agreed to proceed only on the breach of implied warranty theory and Cory withdrew all of its requested negligence charges. The judge instructed the jury on misuse and then read the standard jury instruction on comparative negligence. Upon concluding the instructions, the judge asked counsel for the respective parties, "Okay. Now, gentlemen, have I covered everything?" No objection was made to the instruction and the jury retired to deliberate. During the deliberation, Pages' counsel voiced his objection to the giving of the comparative negligence charge to the jury. The jury returned a verdict in favor of Cory Corporation and judgment was entered accordingly. The Pages appeal therefrom.
Where an appellant fails to make a timely objection in the trial court, he (or she) cannot claim error on appeal. Golden v. Harrell, 147 So.2d 350, 352 (Fla.2d DCA 1962). An objection to an instruction given to the jury after the jurors have already retired to deliberate is untimely and cannot be considered on appeal. Luster v. Moore, 78 So.2d 87 (Fla. 1955).
The record reflects that immediately after the instructions were given to the jurors and before they retired to deliberate, the judge gave counsel an opportunity to raise any objections to the charges. Pages' counsel did not object at that time; but delayed until the jury was in the process of considering its verdict. Thus, the objection was untimely and cannot be considered on appeal.
Affirmed.