470 So.2d 804 (1985)
CITY OF SUNRISE, Officer Alan Roberts and Officer DeCesare, Appellants,
v.
Michael Andrew BRADSHAW, Appellee.
No. 84-408.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
*805 Randolph W. Adams and Earl Faircloth of Earl Faircloth, P.A., Fort Lauderdale, for appellants.
Robert L. Spector of Robert L. Spector, P.A., and Mitchell A. Chester, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This case could be a classical example of the old saw that hard facts make bad law if we succumb to the temptation to approach this case from a result oriented point of view.
The facts, in a nutshell, are that appellant, Roberts, while on duty as a police officer in the City of Sunrise, arrested appellee, Bradshaw, who Roberts claimed was about to hit a third party in the head with a beer bottle during a ruckus outside a theater where a prize fight was being televised. Bradshaw claimed he had been struck by the third party without provocation. Thereafter, Roberts filed a probable cause affidavit with the State Attorney setting forth the facts surrounding the arrest. In due course, Bradshaw filed this suit charging Roberts with false arrest, assault and battery, false imprisonment, and malicious prosecution. The jury returned a verdict for Bradshaw on the malicious prosecution count only for $13,500.
Roberts has perfected this appeal, presenting only one point, i.e., contending that the trial court erred in omitting part of the jury instructions on malicious prosecution "which [sic] Court agreed to give at the charge conference." Our initial inclination was to affirm the trial court decision without opinion because, surprising as the result may be to some, a jury question was presented and the trial judge has placed his imprimatur on the verdict by denying the motion for directed verdict and for new trial (which, incidentally, never mentioned the alleged improper instruction as a ground therefor). However, the very poignant and telling dissent authored by our esteemed colleague compels us to write, lest it appear we have taken leave of our senses in view of what has been characterized as an appalling result.
We begin, as we must, by affording the trial court's actions a presumption of correctness. The record submitted contains a list of the Standard Jury Instructions requested by number only, viz, 1.1, 1.2, 2.1, etc. One of those listed is MI 5.1d. In addition, each party submitted each of his requested instructions, including the Standard Instructions, in writing. Among the written requests filed by plaintiff-appellee is the Standard MI 5.1d (absent the bracketed optional portion) which reads:

*806 One is regarded as having instituted a criminal proceeding against another if the proceeding resulted directly and in natural and continuous sequence from his actions, so that it reasonably can be said that, but for his actions, the proceeding would not have been instituted.
The record reflects no written requested instruction MI 5.1d from defendant-appellant. An unreported charge conference was held at which the parties agreed on most of the instructions to be given. After the court finished instructing the jury, he asked counsel: "Is there anything that I omitted?" Each side answered: "No objection." The jury retired but eventually returned with a request for further instructions on the definitions of the malicious prosecution and false imprisonment. The court reinstructed on those matters as he had originally done without objection. Several hours after they had retired, the jury returned again with a question regarding the verdict form. During this colloquy, appellant for the first time asked the court to reinstruct the jury and give them the bracketed portion of MI 5.1d. The court refused to do so, saying appellant had agreed to the instruction he originally gave and twice failed to object.
On appeal, the sole assignment of error is:
Whether the trial court committed reversible error by omitting a part of the standard charge on the action of malicious prosecution which court agreed to give at the charge conference?
Florida Standard Jury Instruction MI 5.1d, as set forth in the manual, reads:
One is regarded as having [instituted] [continued] a [criminal] [civil] proceeding against another if the proceeding resulted directly and in natural and continuous sequence from his actions, so that it reasonably can be said that, but for his actions, the proceeding would not have been [instituted] [continued]. [One is not regarded as having [instituted] [continued] a criminal proceeding against another if in good faith he made a full and fair disclosure of what he knew to the proper authorities and left the decision to [institute] [continue] the prosecution entirely to the judgment of the authorities.]
The introduction to the Standard Jury Instruction, page xxi, explains the purpose of using brackets and parenthesis in jury instructions as follows:
Brackets within the body of a charge indicate that the matter enclosed is optional and should be given as a part of the charge only in certain circumstances, which if not self-evident, are indicated in a Note on use. Parentheses are used within the body of a charge to enclose words which are intended as directions or suggestions to the judge and are not to be read to the jury.
Thus, it is clear that the standard instruction is the first sentence. If a party believes the bracketed portion should be given he should request it.
Appellant contends here the trial court erred in failing to give the standard charge on the action of malicious prosecution that the court agreed to give at the charge conference. This record does not support the appellate point. On the contrary, the record reflects that appellant did not request the bracketed portion of instruction MI 5.1d in the list of numbered instructions filed; he did not furnish a written requested instruction on MI 5.1d; there is no transcript of the charge conference; however, both the trial judge and appellee say appellant agreed to the charge as given. Furthermore, after the jury was charged appellant failed to object to the failure to give the portion of the instruction he now contends he should have received. When the jury returned an hour later with a question and the court once again gave only the standard portion, appellant failed to object or request the omitted portion. By that time it was too late to change the instructions. As the court said in Page v. Cory Corp., 347 So.2d 817, 818 (Fla. 3d DCA 1977):
An objection to an instruction given to the jury after the jurors have already retired to deliberate is untimely and cannot *807 be considered on appeal. Luster v. Moore, 78 So.2d 87 (Fla. 1955).
Although at oral argument appellant contends that he argued at length in his closing argument the omitted portion of the instruction, reference to the transcript of the argument belies that statement. At oral argument he also stated it was one of his grounds for new trial, but, once again, we find no such reference.
We, therefore, feel compelled to say that the assigned error finds no support in the record and a reversal would do violence to a huge body of law governing appellate review of jury trials.
AFFIRMED.
HURLEY, J., concurs.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
I dissent.
In my view, the jury could not help but be misled by the instruction given on malicious prosecution which omitted an absolutely self-evident and vital sentence, considering the facts and circumstances before us. Even if that omission was initially occasioned by the fault of the City's counsel, I am still of the same opinion. The jury, obviously confused, twice returned to ask for guidance on the malicious prosecution instruction and received none which would correct the omission. In view of the jury's repeated requests for help on this issue, I believe the judge had an independent duty to fully advise the jury. As the Supreme Court noted in Miami Coca-Cola Bottling Co. v. Mahlo, 45 So.2d 119 (Fla. 1950), it is unclear "just where the duty of the court to charge on the law of the case leaves off and the duty of counsel to request charges begins." A situation somewhat similar to the one before us now arose in Schweikert v. Palm Beach Speedway, 100 So.2d 804 (Fla. 1958), where the jury was obviously confused about the inadequate instruction yet the court refused to assist. That opinion, quoting the Miami Coca-Cola Bottling decision, supra, pointed out that the court should instruct the jury on the "law of the case."
The facts reveal that a fully uniformed city police officer on duty at the Sunrise Musical Theater broke up a fight and arrested the plaintiff when he was about to strike a third party with a beer bottle or can. The plaintiff sued the City for malicious prosecution and won! To my way of thinking, he was victorious because the jury instruction as given required him to be victorious. See also Security Mut. Cas. Co. v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976).
Because of the cases I have cited, particularly the Miami Coca Cola Bottling opinion, I must respectfully reject the statement that my dissent does "violence to a huge body of law governing appellate review."
I am of the belief many cases suggest that when a jury keeps coming back and back for clarification of an instruction, the judge should try to determine if that instruction as given is adequate. Obviously the majority thinks I am in error, which indeed I may be. Nonetheless, my view is not without precedent and surely not aberrant. I would reverse.