517 So.2d 726 (1987)
Reuben VINE and Southern Marine Research, Inc., a Delaware Corporation, Appellants,
v.
Gary SCARBOROUGH and Southern Marine Research, Inc., a Florida Corporation, Appellees.
No. 86-1690.
District Court of Appeal of Florida, Third District.
December 15, 1987.
Rehearing Denied January 29, 1988.
*727 Abrams, Anton, Robbins, Resnick, Schneider & Mager and Andrew T. Lavin, Hollywood, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Douglas C. Broeker, Miami, for appellees.
Before BARKDULL, NESBITT and BASKIN, JJ.
BARKDULL, Judge.
In 1978, Gary Scarborough, the defendant and counter-plaintiff in the trial court, formed Southern Marine Research, Inc. (Florida) "SMR Florida" for the production, importation and sale of marine electronic equipment. Scarborough was president of the corporation and was also an employee thereof. The stock of the corporation was owned solely by James Eroncig. In December 1978, SMR Florida was in need of additional financing, which was obtained from the plaintiff, counter-defendant Reuben Vine. Recapitalization was to be accomplished in part by Scarborough purchasing Eroncig's stock. After recapitalization the company operated in South Florida, selling various marine radios and depth sounders. Vine permitted Scarborough to conduct the day to day operations of SMR Florida, while Vine obtained the financing, letters of credit and collateral to purchase electronic equipment from Japanese manufacturers. Due to some outstanding debts owed by SMR Florida, Vine and Scarborough decided in February 1980, to form a new corporation, Southern Marine Research, Inc. (Delaware), "SMR Delaware", keeping the same ownership and allocating the stock, 87.5% to Vine and 12.5% to Scarborough. SMR Delaware was to assume all of the assets and liabilities of SMR Florida and would continue to operate the business. Between 1980 and 1983, SMR Delaware lost approximately $1,122,620.00 dollars. In August 1983, Scarborough quit his job with SMR Delaware. He tried to reinstate SMR Florida by registering certain trademarks, utilized first by SMR Florida, and then SMR Delaware, in his own name. Vine assumed these trademarks belonged to SMR Delaware, not Scarborough or SMR Florida and as a result thereof and because of Scarborough's attempts to engage in business as SMR Florida, Vine and SMR Delaware filed the instant suit seeking declaratory and other relief. Scarborough counter-claimed, also seeking declaratory relief and damages, for among other things, unjust enrichment. At the conclusion of a four day jury trial, the trial judge held a jury charge conference at which Scarborough's trial counsel was requested to go through the proposed jury instructions of the parties and to put together a proposed set. After doing so he presented them to the trial court. These instructions, notwithstanding objection by Vine, were ultimately read to the jury. At no time did Scarborough object to these instructions, even though an instruction on the issue of unjust enrichment was not contained therein. After being instructed, the jury retired to consider a special verdict form. The jury returned with their special verdict, finding for Vine and SMR Delaware on the issues of stock ownership in the two companies and as to ownership of the trademarks. They also found that Scarborough had breached his fiduciary duty to Vine and SMR Delaware, but that they suffered no damage therefrom. The jury found in favor of Scarborough on the issues of accounting and payment for his share of the stock in SMR Delaware, but they found against Scarborough on the issue of unjust enrichment. At this point Scarborough's counsel informed the trial judge that she failed to instruct the jury on the issue of unjust enrichment and requested a charge thereon. Over objection, the trial judge read to the jury the special verdict form question relating to unjust enrichment, and gave the jury the instruction on unjust enrichment requested by Scarborough. After a second reading of the foregoing, the trial court resubmitted the issue of unjust enrichment to the jury which changed its answers on the special verdict awarding Scarborough $250,000 apiece from Vine and SMR Delaware. Thereupon the trial *728 judge entered the final judgment appealed herein wherein she held that Vine and his family owned 87.5% of the stock in each of the corporations and Scarborough owned 12.5%. She further held Scarborough did not have to make any additional payment for his stock in SMR Delaware. The trial judge held that the trademarks were the property of SMR Delaware and cancelled the trademarks issued in Scarborough's name. She found for Scarborough on the accounting issue directing an accounting by a certified public accountant of Scarborough's choice at the expense of Vine and SMR Delaware. The judgment awarded Scarborough $500,000, $250,000 apiece from Vine and SMR Delaware on the unjust enrichment claim. Finally the judgment found for Vine and SMR Delaware on their claims of fraud and misrepresentation against Scarborough and against Scarborough and SMR Florida on their fraud and conversion against Vine and SMR Delaware.
In this appeal Vine and SMR Delaware allege error in the trial court resubmitting the issue of unjust enrichment to the jury, in the trial court's holding that Scarborough did not have to pay for his stock in SMR Delaware, and in awarding Scarborough an accounting. Scarborough and SMR Florida cross-appeal those portions of the final judgment which found that Vine owned 87.5% of the stock of SMR Florida and that found Scarborough breached his fiduciary duty to SMR Delaware and Vine.
As to the award of damages to Scarborough for unjust enrichment we agree with the position of Vine and SMR Delaware and reverse. A review of the pleadings filed herein clearly shows that the legal and equitable claims were so intertwined that the parties herein should have been, and were properly given, a jury trial on all issues. See K.M.A. Associates, Inc. v. Meros, 452 So.2d 580 (Fla. 2d DCA 1984); F.R.W.P., Inc. v. Home Insurance Company, 450 So.2d 914 (Fla. 4th DCA 1984); Cheek v. McGowan Electric Supply Company, 404 So.2d 834 (Fla. 1st DCA 1981); Napolitano v. H.L. Robertson and Associates, Inc., 311 So.2d 757 (Fla. 3d DCA 1975). The case was tried and properly submitted to the jury after being charged as agreed to by the parties. The jury was provided a special verdict form, which upon their return they found against Scarborough on the issue of unjust enrichment. It wasn't until that time when Scarborough first objected to the failure to charge on the issue of unjust enrichment. This was simply too late and Scarborough is deemed to have waived any objections he might have had to the jury charge. See Luster v. Moore, 78 So.2d 87 (Fla. 1955); City of Sunrise v. Bradshaw, 470 So.2d 804 (Fla. 4th DCA 1985); Page v. Cory Corp., 347 So.2d 817 (Fla. 3d DCA 1977). There was no showing that the jury was confused by the instructions or that the verdict was against the manifest weight of the evidence, so it was error to reinstruct the jury and resubmit the issue of unjust enrichment for the jury's determination. Therefore, the original verdict as rendered by the jury herein must be reinstated.
Inasmuch as we have reversed the award for undue enrichment, the constructive trust to secure payment of that award must also be reversed.
As to the final judgment award to Mr. Scarborough of an accounting we find that the record herein contains substantial competent evidence to entitle Scarborough to an accounting pursuant to his employment agreement with "SMR Delaware" and Vine. See Goldfarb Novelty Company of Florida, Inc. v. Vann, 94 So.2d 845 (Fla. 1957). However, we must modify the award of accounting so that it be limited to an accounting based upon the employment agreement with the trial court appointing a special master for purposes of taking testimony and proof. See Goldfarb Novelty Company of Florida, Inc. v. Vann, supra; Conner v. G.H. McNew, 237 So.2d 190 (Fla. 3d DCA 1970).
Finally, the special verdict finding that Scarborough was entitled to ownership of 12.5% of the stock of "SMR Delaware" without making payment therefore is contrary to the evidence and must be reversed. See Stanley v. Powers, 125 Fla. 322, 169 So. 861 (1936). The uncontradicted evidence *729 shows that Scarborough was to receive 12.5% of the stock of "SMR Delaware" in return for a payment of $37,500.00, which Scarborough has acknowledged he has not paid. Therefore, to relieve Scarborough of this obligation is contrary to the evidence.
We have reviewed the contentions made by Scarborough on his cross-appeal and find that they are without merit. The record contains substantial competent evidence to sustain the jury's findings. See Markham v. Fogg, 458 So.2d 1122 (Fla. 1984); Kopplow & Flynn, P.A. v. Trudell, 445 So.2d 1065 (Fla. 3d DCA 1984).
Based on the foregoing, we hereby reverse the award of damages for unjust enrichment with directions to reinstate the original verdict; we reverse the holding that Scarborough is not obligated to pay for his stock in "SMR Delaware"; we reverse the constructive trust; we affirm the order directing an accounting as modified herein; and in all other respects we affirm the order appealed herein.
Affirmed in part, reversed in part, modified in part and remanded with directions.