POLEN, Judge.
This case was consolidated with In re Estate of Joseph A. Uzzo, 555 So.2d 1217 by order dated May 12, 1988. However, except to the extent the facts may overlap, In re Estate of Uzzo has been treated in a separate opinion.
On January 31, 1983, Peter Hiles and Joseph A. Uzzo formed a corporation called Auto Bahn Sales and Leasing, Inc. (Auto Bahn). The purpose of the business was to sell and lease “gray-market” Mercedes Benz automobiles in the United States. In order to sell the cars imported from Germany here, Auto Bahn was required to bring the cars into compliance with United States standards. This is called “federalization.”
When the business was first established Hiles and Uzzo were each to contribute $5,000 in exchange for 49 percent of the stock in the business. Patricia Morris, Uzzo’s bookkeeper, was to receive the remaining 2 percent of the stock. The profits were to be split equally between Hiles and Uzzo. The financing was later altered and the stock was ultimately distributed 49 shares to Hiles and 51 shares to Uzzo. Subsequently, Uzzo founded Auto Bahn Federalization, Inc., a Florida corporation (Federalization), whose purpose was to provide an entity through which Auto Bahn could federalize the Mercedes cars at less expense. In October 1983, Uzzo advised Hiles that Hiles was fired as an employee of Auto Bahn, and Uzzo began transferring all of the assets of Auto Bahn Sales to Federalization. A question arose as to whether these transfers were being made for little or no consideration.
The litigation began on April 5, 1984, prior to Uzzo’s death, when appellant Hiles individually, and on behalf of Auto Bahn Sales and Leasing, Inc., filed a multi-count complaint. This complaint sounded as a shareholder’s derivative action, but included counts for fraud, injunctive relief, accounting, and conspiracy to defraud. Ap-pellees filed an answer, affirmative defenses, and counterclaim. Auto Bahn Sales and Leasing, Inc., named as a party defendant in the derivative action, became a counter-claimant against Hiles for conversion, breach of fiduciary duty, action on a promissory note, and action for civil theft. Hi-les responded to the counterclaim, filed a notice of readiness for trial, and demanded jury trial.
Following the death of Joseph A. Uzzo during the course of the litigation, the Estate of Joseph A. Uzzo, deceased, Patricia Morris and William Tanklow, as Personal Representatives of the Estate of Joseph A. Uzzo, and as Trustees of the Joseph A. Uzzo Testamentary Trust, were substituted as parties, and the litigation went forward in that style.
The matter came on for trial on April 6, 1987, and resulted in a jury verdict in favor of appellants in the amount of $140,000. Thereafter, the trial court determined the jury proceeding was in the nature of an advisory verdict, rejected the verdict in favor of appellants, and entered a directed verdict in favor of appellees. We reverse as to this point on appeal.
It appears the trial court relied on the case of Gulf Life Insurance Company v. Urquiaga, 251 So.2d 904 (Fla. 2d DCA *1220 1971). Gulf Life involved an action for specific performance, where the parties stipulated to the impaneling of an “advisory” jury to decide specific questions of fact. The trial court rejected the jury’s verdict. On appeal, it was held this was within the trial court’s discretion.
In the instant case, there was no stipulation that the jury proceeding would be “advisory.” Although a shareholder’s derivative action is basically an action in equity, there is authority for the proposition that in some instances, a trial by jury may be proper. In Vine v. Scarborough, 517 So.2d 726 (Fla. 3d DCA 1987), the parties in a shareholder’s derivative action filed causes of action both in equity and in law. With respect to these claims the Third District stated:
A review of the pleadings filed herein clearly shows that the legal and equitable claims were so intertwined that the parties herein should have been, and were properly given, a jury trial on all issues.
Id. at 728. See also F.R.W.P., Inc. v. Home Insurance Co., 450 So.2d 914 (Fla. 4th DCA 1984). Although not involving a shareholder’s derivative claim, in F.R.W.P. we held that actions in equity and in law may be so intertwined as to require resolution by a jury.
In the instant case, appellees did not move to strike appellants’ notice of trial by jury prior to the April 6th trial. It appears the trial court sua sponte determined the jury's verdict was advisory based on Gulf Life v. Urquiaga. We hold it was error for the judge to so determine, and to grant appellees’ renewed motion for a directed verdict on the issue of damages which the jury found to be due appellants.
Appellees also contend that the evidence does not support the jury’s reaching a determination that appellants were entitled to $140,000 in damages. Our review of the record satisfies us that such determination would have been proper. In Adams v. Dreyfus Interstate Development Corp., 352 So.2d 76 (Fla. 4th DCA 1977), this court held:
Uncertainty as to the amount of damages or difficulty in proving the exact amount will not prevent recovery where it is clear that substantial damages were suffered and there is a reasonable basis in the evidence for the amount awarded. Ultimately the degree of certainty simply requires that the mind of a prudent impartial person be satisfied with the damages.
Id. at 78.
As to the counterclaim brought by the Estate of Joseph A. Uzzo against Peter Hiles, individually, for breach of contract, we find no error. This claim related to Hiles’ alleged improper disposition of the proceeds of “key man” life insurance. The corporation took out the insurance on both Uzzo and Hiles, to guarantee the surviving shareholder proceeds with which to buy the shares of the deceased shareholder from the estate. It appears that Hiles, purportedly acting on behalf of Auto Bahn Sales and Leasing, utilized these funds for other purposes. The final judgment awarded the estate of Uzzo $88,942.33 plus interest from the date of transfer from the corporation’s account. This judgment was against Hiles individually, and based on a directed verdict in favor of the estate at the close of evidence. Our review of the record discloses no error in the ordering of the directed verdict and judgment, and therefore we affirm on this point.
Appellants next assign as error the entering of a judgment in the amount of $14,000 in favor of Auto Bahn Sales and Leasing, Inc. as defendant/counterplain-tiff. Earlier in the proceedings, before trial, Auto Bahn Sales and Leasing, Inc. was dismissed as a party defendant. As there was no leave of court for them to reenter the case as a counterplaintiff, nor realignment of the parties, there is no basis upon which they could be a party in the case and maintain this counterclaim. Accordingly, it was error for the court to enter a judgment thereon. We reverse on this point as well.
The last issue for our consideration is appellants’ entitlement, if any, to attorneys’ fees. Under section 607.147, Florida Statutes (1987), attorneys’ fees may be *1221 awarded in a shareholder’s derivative action. On remand, with the jury’s verdict in favor of appellants in the amount of $140,-000 to be reinstated, appellants would also be entitled to an award of reasonable attorney’s fees under this section. The trial court is directed to hold appropriate proceedings to determine a reasonable amount for such attorneys’ fees.
Based on the foregoing, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
DOWNEY and DELL, JJ., concur.