734 So.2d 571 (1999)
Barbara McK. MUMMA and Lisa Mumma Morgan, as Co-Executrixes of the Estate of Robert M. Mumma, Appellants/Cross-Appellees,
v.
Robert MUMMA, II, and Hi-Spec, Inc., a Florida corporation, Appellees/Cross-Appellants.
Nos. 98-2419, 98-2452.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
Rehearing Denied July 9, 1999.
James L.S. Bowdish of Crary, Buchanan, Bowdish, Bovie, Roby, Beres, Negron & Thomas, Chartered, and Jordan Fields of Fields & Wilkinson, P.A., Stuart, for appellants/cross-appellees.
Jeremy A. Koss of Phillips, Eisinger, Koss & Rosenfeldt, P.A., Hollywood, for appellees/cross-appellants.
PER CURIAM.
In these consolidated appeals, both the appellants and the appellees allege error in the trial court's 1998 order which "closed" an action without further judicial proceedings, following a 1993 partial final judgment dissolving a corporation and ordering a final accounting. We reverse.
The trial court lacked authority to "close" this case. While trial courts at one time possessed the inherent power to dismiss a cause that was not being prosecuted with reasonable diligence, that power was eliminated with enactment of Florida Rule of Civil Procedure 1.420(e). Kodner v. Florida Power and Light Co., 693 So.2d 1122 (Fla. 4th DCA 1997). Assuming, without deciding, that rule 1.420(e) applies after a partial final judgment is entered in a case,[1] no rule 1.420(e) motion was pending when the trial court "closed" this case.
The order on appeal is reversed. The 1993 partial final judgment remains in force, and need not be revisited on remand. *572 The only issues left to be decided concern the final accounting and winding up of the corporation, as well as attorneys' fees and costs. Any concern the court may have regarding the parties' lack of diligence in moving this case to conclusion can be addressed by setting a final hearing date, and holding to it.
REVERSED and REMANDED.
DELL, POLEN and HAZOURI, JJ., concur.
NOTES
[1] Compare, Ravel v. Ravel, 326 So.2d 223 (Fla. 2d DCA 1976) (holding rule 1.420(e) does not apply once a final judgment is entered) with Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995) (holding rule 1.420(e) applies to post-trial proceedings in mortgage foreclosure actions such as a motion for deficiency judgment)