780 So.2d 1001 (2001)
Robert MUMMA, II, and High Spec, Inc., Appellants/Cross-Appellees,
v.
Barbara McK. MUMMA and Lisa Mumma Morgan, as Co-Executrixes of the Estate of Robert M. Mumma, and High-Spec, Inc., a Florida corporation, Appellees/Cross-Appellants.
No. 4D00-1216.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
*1002 Jeremy A. Koss of Phillips, Eisinger, Koss, Rothstein & Rosenfeldt, P.A., Hollywood, for appellants/cross-appellees.
James L.S. Bowdish of Crary, Buchanan, Bowdish, Bovie, Beres, Negron & Thomas, Chartered, and Jordan Fields of Fields & Wilkinson, P.A., Stuart, for appellees/cross-appellants.
POLEN, J.
This is the second time this case has come before us. In Mumma v. Mumma, 734 So.2d 571 (Fla. 4th DCA 1999) ("Mumma I"), we reversed the trial court's order "closing" this case, following a 1993 partial final judgment that dissolved a corporation and ordered a final accounting. We remanded the case back to the trial court to oversee a final accounting and winding up of the corporation, and also awarded the current appellees, Barbara and Lisa Mumma, appellate attorney's fees conditioned on them being the prevailing party on the merits at trial. On this second appeal, following the final accounting, we find no merit in any of the arguments raised by appellants, as they are barred by the law of the case doctrine. On the cross-appeal, however, we reverse.
High Spec, Inc., was a closely held family corporation, in which Robert Mumma, Sr. ("Robert, Sr.") and Robert Mumma, Jr. ("Robert, Jr.") each owned 50% of the stock. This case began in 1989, after Robert, Sr. died. The executrices of his estate, Robert, Sr.'s wife Barbara and daughter Lisa, filed a three-count complaint which asserted that the corporation was deadlocked and that Robert, Jr. had improperly conveyed real property that was owned by High Spec to himself for no consideration.
In 1993, the trial court entered a partial final judgment finding that Robert, Jr. had illegally distributed property to himself and was liable to High Spec for $450,000, plus prejudgment interest from the date of *1003 the transaction. It dissolved the corporation, allocated assets and liabilities among various parties, and ordered an accounting of the corporation to be prepared. Soon thereafter, the trial court suspended the final judgment and the accrual of interest on that judgment pending the accounting which was to occur within sixty days, and also reallocated the debts and liabilities of High Spec.
More than four years later, during which time no final accounting occurred, a successor judge sua sponte "closed" the case at a case management conference. That order was appealed, and this court issued its opinion in Mumma I, reversing the trial court's order and remanding the case for the trial court to oversee a final accounting and winding up of the corporation. On remand, the trial court entered judgment adopting the 1993 findings and judgment of the original trial court. It made a final accounting of the corporation, denied the imposition of interest from the 1993 judgment, and denied appellees attorney's fees. This timely appeal and cross-appeal followed.
Appellees argue that the trial court erred by suspending the accrual of interest from the 1993 final judgment until the completion of the final accounting. We agree. When a judgment liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, the plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). Here, the original trial court, in 1993, found that Robert, Jr. was liable to High Spec for the illegal distribution of real property. After allocating the various debts pursuant to that court's findings, Robert, Jr. owed High Spec $224,658.39, fifty percent of which belonged to appellees as one of High Spec's two shareholders. Although the final accounting did not occur for another seven years, during which time Robert, Jr. had the benefit of appellees' share of property, we hold that the trial court did not have any discretion to suspend the accrual of interest once appellees damages were ascertained. See Catalfumo v. Catalfumo, 704 So.2d 1095, 1100 (Fla. 4th DCA 1997), rev. denied, 717 So.2d 529 (Fla.1998).
Appellees further argue that the trial court erred by denying their motion for attorney's fees for the trial. Again, we agree. A trial court may award reasonable attorney's fees to a successful plaintiff in a shareholders' derivative action. See § 607.147, Fla. Stat. (1989). In this case, appellees prevailed on the major issues of the case and, therefore, are entitled to reasonable fees under the above section. See Hiles v. Auto Bahn Federalization, Inc., 555 So.2d 1218 (Fla. 4th DCA 1989), rev. denied, 562 So.2d 345 (Fla.1990). Although they did not plead the statutory basis for their attorney's fees claim, no such requirement existed at the time they filed their original complaint.[1] Consequently, the trial court is directed to hold appropriate proceedings to determine a reasonable amount for such fees.
Last, we hold that because appellees were the prevailing party on the major issues of the case, the trial court erred by denying them attorney's fees for the previous appeal pursuant to our previous court order. See Kenmark Constr. Co. v. Cronin, 765 So.2d 129, 130-31 (Fla. 2d DCA 2000).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DECISION.
WARNER, C.J., and SHAHOOD, J., concur.
NOTES
[1] See Stockman v. Downs, 573 So.2d 835 (Fla. 1991). The Stockman decision became final on January 31, 1991, whereas the initial complaint in this case, as noted, was filed in 1989.