On Motion for Rehearing

WARNER, J.
We deny the motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
When this court last considered this case in Mumma v. Mumma, 780 So.2d 1001 (Fla. 4th DCA 2001), we reviewed the trial court’s order on final accounting of the dissolution of a family corporation. We found no error in the final accounting, but we reversed for the assessment of interest on the award of damages to the estate of Robert Mumma, Sr. against Robert Mumma, Jr. and the assessment of attorney’s fees. In discussing the interest issue, we explained in our opinion, “After allocating the various debts pursuant to that court’s findings, Robert, Jr. owed High Spec $221,658.39, fifty percent of which belonged to appellees as one of High Spec’s two shareholders.” Id. at 1003 (emphasis supplied). We then reversed for calculation of interest on the damages.
Although our reversal was limited to the assessment of interest on the amount of the damages as set forth in our opinion and the determination of attorney’s fees, on remand Robert, Jr. attempted to inject multiple other issues in the case, all of which the trial court rejected, and we find to be without merit. However, the estate convinced the court that we had never determined how to calculate the interest. The trial court ultimately calculated interest on the original amount of the judgment, $639,887.67, without offsetting the debt owed to Robert, Jr. by the corporation, also found in the original final judgment.
This recalculation was beyond the directions on remand. We had already stated in our opinion the amount of the award as “$224,658.39, fifty percent of which belonged to appellees as one of High Spec’s two shareholders.” Had the appellees wished to challenge the calculation of damages, or the method of offsetting the liability of the corporation to Robert, Jr., they should have done so in the prior appeal. Having failed to do so, our remand instructed that the trial court should calculate prejudgment interest upon the damage award from the time of its liquidation in 1993. Thus, appellees were entitled to interest on fifty percent of $224,658.39, the net amount owed, from 1993.
Reversed and remanded for the court to award interest in accordance with the instructions in this opinion.
KLEIN and HAZOURI, JJ., concur.