Domenic GROSSO a/k/a Domenic L. Grosso, Appellant,

v.

HSBC BANK USA, N.A., as Trustee on Behalf of Ace Securities Corp., Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp., Home Equity Loan Trust, Series 2007–HE4, Asset Backed Pass–Through Certificates, Appellee.

No. 4D14–3971.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

Peter Ticktin and Kendrick Almaguer of The Ticktin Law Group, PLLC, Deerfield Beach, for appellant.

Kimberly S. Mello and Laura J. Bassini of Greenberg Traurig, P.A., Tampa, for appellee.

*ON COMBINED MOTION FOR REHEARING, REHEARING EN BANC AND FOR CERTIFICATION TO THE FLORIDA SUPREME COURT*

CIKLIN, C.J.

We grant the Appellant's motion for rehearing, deny the motion for rehearing *en banc* and for certification, withdraw our prior opinion in *Grosso v. HSBC Bank USA, N.A.*, 195 So.3d 393 (Fla. 4th DCA 2016), and substitute this opinion in its place.[1]

The issue before us on this appeal concerns the trial court's order administratively closing the case below—without notice—and resulting in the trial court's holding that a post-judgment motion for costs was abandoned because the motion had "languish[ed]" on the trial court's docket for more than six months. We find the trial court's actions amounted to a denial of due process.

On March 28, 2012, HSBC Bank brought a foreclosure action against its borrower, Domenic Grosso. On March 21, 2013, HSBC voluntarily dismissed the action and the case was closed. On March 27, 2013, the case was reopened when counsel for Grosso timely filed a motion for costs and attorneys' fees under Florida Rule of Civil Procedure 1.420(d). Thereafter, for nearly eighteen months, no record activity occurred in the reopened case.

On September 17, 2014, the trial court sua sponte issued the appealed order which was entitled "Notice and Order Administratively Closing Reopened Case." The order directed the clerk to close the case and any pending motions not previously set for a hearing were to be considered abandoned. While the order was expressly "without prejudice to any party to move to reopen the case and refile any motion deemed by this Order to have been abandoned," the practical effect of the order was to preclude Grosso from ever recovering the costs he incurred in defending the foreclosure action voluntarily dismissed by HSBC.[2]

---

1. Chief Judge Cory J. Ciklin has been substituted for Judge W. Matthew Stevenson after his retirement from the court.

2. Contrary to the suggestion contained in the trial court's "without prejudice" order, Grosso's motion *could not* be refiled because it was time-barred by the rules of civil procedure. Fla. R. Civ. P. 1.525; *see generally U.S. Bank Nat'l Ass'n v. Cowell*, 86 So.3d 1214, 1215 (Fla. 3d DCA 2012) (finding dismissal of bank's foreclosure action "without prejudice" operated as a dismissal "with prejudice" because the statute of limitations would have barred the bank's subsequent action).

On September 18, 2014, Grosso filed a notice to place his motion for costs on the trial court's docket as well as a motion for rehearing. Grosso argued that closing the case for lack of record activity was equivalent to dismissing an action for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). Grosso argued that he was entitled to notice and a sixty-day opportunity to engage in record activity under the rule before the action could be dismissed for failure to prosecute.

Judge Oftedal issued a lengthy order denying Grosso's motion for rehearing. The court explained that an "internal review of pending foreclosure cases . . . revealed a multitude of post-judgment cases in the 'reopened' status" due to outstanding motions that had "been allowed to languish for an extraordinary length of time," and that "to allow these cases to remain in a reopened or pending status for a lengthy and indefinite period of time frustrates the court's obligation to meet the mandatory time standards for disposition of civil cases as established by the Florida Supreme Court." [3] Judge Oftedal's order revealed that the same "Notice and Order Administratively Closing Reopened Case" was issued in all those cases "where more than six months has passed since the filing of any pending post trial motions without any action by any party."

The trial court reasoned that a moving party "has an obligation to timely notice the matter for hearing or risk having it abandoned." Addressing Grosso's specific arguments, the court stated, "Nowhere in the Order does the Court dismiss the case or deny any motion." The trial court held that while Rule 1.420(e) might apply to post-judgment foreclosure actions, the rule did not apply to this case because "the court is not seeking a dismissal of the action."

We respectfully hold that the trial court's focus on semantics misses the big picture. While the trial court suggests it did not *dismiss* the case, the administrative closure operated as a dismissal for all relevant intents and purposes.

A similar order was issued in *Mumma v. Mumma*, 734 So.2d 571 (Fla. 4th DCA 1999), where the trial court "closed" an action five years after granting a partial final judgment dissolving a corporation and ordering a final accounting. Despite the trial court's use of the word "close" rather than "dismiss," this court held that the trial court had issued an order of dismissal. *Id.* at 571. In this case, we find, as we did in *Mumma*, that the trial court's "administrative closure" operated as a dismissal of the case.

HSBC argues that even if the trial court's action was a dismissal, the court was not required to follow the procedures set forth by Rule 1.420(e) because the rule expressly applies only to the dismissal of "actions," not post-judgment motions.

HSBC's argument as to whether or not Rule 1.420(e) applies to post-judgment "actions," "causes," "motions," or "proceedings," misses the procedural ramifications of the order on appeal. After all is said and done, Rule 1.420(e) is simply the codification of a bare due process minimum that must be applied to judicial procedures where outright dismissal of an action remains a possible consequence. The proper inquiry in this case is whether Grosso was afforded procedural due process, which requires fair notice and a reasonable oppor-

---

**3.** The trial court correctly cited Florida Rule of Judicial Administration 2.250(a)(1)(B) which declares that certain time standards are "presumptively reasonable" and provides that "most cases should be completed within the following time periods: . . . Non-jury cases—12 months (filing to final disposition)."

tunity to be heard before a final judicial act is rendered. *Hinton v. Gold*, 813 So.2d 1057, 1060 (Fla. 4th DCA 2002). Here, where the trial court's notice and dismissal order were one and the same, Grosso was denied the opportunity to be heard.

We recognize a trial court's inherent authority—and indeed its duty—to manage its caseload. This must, of course, include the administrative closure of cases which the litigants themselves have abandoned. Judge Oftedal's praiseworthy decision to conduct an internal review of those matters within his division that had apparently been neglected or forgotten or both, is laudable. Nonetheless, a trial court's inherent authority "carries with it the obligation of restrained use and due process." *Moakley v. Smallwood*, 826 So.2d 221, 227 (Fla.2002). When the trial court sua sponte closed the underlying case file, Grosso's motion for costs was pending and Grosso was unaware that his motion to tax costs would be deemed abandoned if he did not set it for a hearing within a certain period of time. That is a denial of notice and an opportunity to be heard.

Basic due process mandates that a trial court give the parties fair notice and a reasonable opportunity to be heard before the trial court, on its own motion, closes or dismisses a pending case.

Accordingly, the October 7, 2014 order denying Grosso's motion for rehearing is reversed and the September 17, 2014 order that administratively closed the reopened case is quashed. This case is remanded for further proceedings consistent with this opinion.

*Orders reversed and quashed, remanded for further proceedings.*

GROSS and FORST, JJ., concur.