# Third District Court of Appeal

## State of Florida

Opinion filed August 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1094
Lower Tribunal No. 17-11541
_____

**Leonardo Gomez, et al.,**
Appellants,

vs.

**Tamiami Youth Basketball, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Property Litigation Group, PLLC, and Mario Molina (Miramar), for appellants.

Hershoff, Lupino & Yagel, LLP, and Robert C. Stober, for appellee Tamiami Youth Basketball, Inc.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Leonardo Gomez and Maria Cristina Gonzalez, the plaintiffs below (together "Appellants"), appeal a March 29, 2023 Order Denying Plaintiff's Motion to Reopen Case (the "Final Order") and a June 7, 2023 Order Denying Plaintiff's Motion for rehearing directed toward the Final Order (the "Rehearing Denial Order").[1] Because Appellants' claim against appellee Tamiami Youth Basketball, Inc. ("Tamiami") and Tamiami's counterclaim against Appellants remain pending, and Appellants' did not receive the notice required under Florida Rule of Civil Procedure 1.420(e), the trial court erred in denying Appellants' motion to re-open the case. We reverse the Final Order and the Rehearing Denial Order and remand the case for further proceedings.

## I.    Relevant Background

On May 12, 2017, Appellants attended a basketball game in a league operated by appellee Tamiami. Appellants' seven-year-old son, J.G., participated in this league. A confrontation occurred between Appellants and a Tamiami's manager, Jose Inchausti, which resulted in litigation. Appellants

---

[1] The sole appellee is Tamiami Youth Basketball, Inc. ("Tamiami"). While Appellants' amended complaint named Tamiami, Miami-Dade County Department of Parks and Recreation, Miami-Dade County Fair & Exposition, Inc., Jose Inchausti, and three John Does as defendants, as explained below, the claims against those other defendants, as well as the claims initially asserted by Appellants' minor child, J.G., have been dismissed.

filed an amended complaint on August 10, 2017. In their amended complaint, Appellants alleged, among other things, that Inchausti and three unnamed individuals committed (i) battery and assault on appellant Leonardo Gomez, (ii) assault on appellant Maria Cristina Gonzales, and (iii) assault on J.G.

Initially, J.G. was a plaintiff in the lawsuit. On October 4, 2017, though, J.G. voluntarily dismissed his claim against all defendants. Inchausti was dismissed from the case on June 25, 2019, after Appellants and Inchausti filed a joint stipulation of dismissal. At several points between 2017 and 2019, all other defendants (who had been served) were dismissed from Appellants' case, except Tamiami.[2] On January 4, 2019, Tamiami filed a motion for judgment on the pleadings, which the trial court denied on December 16, 2020. The circuit court docket shows no record activity from this point until February 22, 2023, when Appellants filed a motion to re-open the case in order to proceed with trial.

In this motion to re-open, Appellants stated that, notwithstanding that no docket entry evidenced the rendering of a dismissal of Appellants' claim against Tamiami, they had been advised by Tamiami's counsel that the circuit court clerk showed the file as closed, which Appellants' counsel

---

[2] On January 9, 2018, Tamiami asserted a counterclaim against Appellants based on a release Appellants had executed. The counterclaim remains unadjudicated.

3

confirmed from a review of the online docket. Hence, Appellants' February 22, 2023 motion requested that the case be re-opened and set for trial on the trial court's 2023 trial calendar. Presumably, in response to this February 22nd motion to re-open, the trial court entered a March 10, 2023 order setting the case for trial during the trial court's three-week trial docket, beginning August 7, 2023. The online docket reflects that, also on March 10, 2023, the trial court set Appellants' February 22th motion to re-open for a March 29, 2023 hearing via the Zoom platform.

On March 29, 2023, the trial court entered the Final Order. In pertinent part, the Final Order made three findings: (1) "Plaintiff filed a Voluntary Dismissal Without Prejudice on October 3, 2017[;]" (2) "Plaintiff filed a Stipulation for Dismissal on June 25, 2019, and an Order of Dismissal was entered on June 27, 2019[;]" and (3) "There was no record activity on the file between December 15, 2020, and January 11, 2023." The Final Order states: "This matter shall remain CLOSED without prejudice to Plaintiff filing a new action."

Appellants timely filed a motion for rehearing on April 13, 2023. In this motion, Appellants explained that, as evidenced by the Final Order, the trial court was apparently under the mistaken belief that all claims had been dismissed against all defendants. The rehearing motion explained that only

4

J.G. had voluntarily dismissed all the defendants; and that Appellants had stipulated dismissal only of Inchausti, and therefore, Tamiami remained as a defendant in Appellants' case.

It appears that, on June 6, 2023, the trial court conducted a hearing via the Zoom platform on Appellants' rehearing motion, and on June 7, 2023, entered the Rehearing Denial Order. Appellants timely appealed both the Final Order and the Rehearing Denial Order.

## II. Analysis

### A. *Our jurisdiction*

At the outset, it should be noted that we have characterized the trial court's March 29, 2023 order denying Appellant's February 22, 2023 motion to re-open as a reviewable "Final Order." While the Final Order does not contain language dismissing Appellants' operative complaint (or Tamiami's counterclaim), it does state that it is entered "without prejudice," and allows Appellants to proceed only if they file a new action.[3] Thus, despite there being no order affirmatively dismissing Appellants' lawsuit, we treat the Final Order as if it had dismissed Appellants' lawsuit and Tamiami's counterclaim

---

[3] See U.S. Bank Nat'l Ass'n v. Rodriguez, 206 So. 3d 734, 736 (Fla. 3d DCA 2016) ("If a dismissal is 'without prejudice' but it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new case, the order is final.")

because we perceive no practical difference between the Final Order and a final dismissal order.

The Final Order was plainly final in that it constituted the end of judicial labor on this case,[4] therefore, Appellants' timely filed, April 13, 2023 motion for rehearing tolled the rendition of the Final Order. Fla. R. App. P. 9.020(h)(1)(B). Thus, we have appellate jurisdiction to review both the Final Order and the Rehearing Denial Order. See Fla. R. App. P. 9.130(a)(4). Because we reverse the Final Order, we reverse the Rehearing Denial Order as well.

### B. *Appellants' claim against Tamiami*

As mentioned above, while the record contains no order or other filing that explains the trial court's "closing" of the file, it does appear that, perhaps, one reason the trial court entered the Final Order denying Appellants' motion to re-open, is due to the trial court's mistaken belief that all of the claims had been dismissed. The record reveals – and Tamiami does not dispute – that Appellants' claim against Tamiami was neither voluntarily dismissed nor adjudicated in Tamiami's favor. Indeed, the trial court denied Tamiami's motion for judgment on the pleadings, and the pleadings plainly reflect that

---

[4] See Almacenes El Globo de Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561 (Fla. 3d DCA 2015) ("For the purposes of appellate review, an order of the circuit court is 'final' if it ends all judicial labor in the case.")

6

Appellants' claim against Tamiami remains pending. Hence, to the extent the Final Order was entered on this basis, it was error.

### C.  Dismissal for failure to prosecute

We next turn our attention to the other possible ground identified in the Final Order for denying Appellants' motion to re-open: that the case warranted dismissal under rule 1.420(e) because no record activity had occurred between December 15, 2020, and January 11, 2023. Generally, we review an alleged due process violation related to the application of rule 1.420(e) *de novo*. See Lifetime Guarantee Adm'rs, LLC v. Kaminskey, 276 So. 3d 847, 848 (Fla. 4th DCA 2019); Hernandez v. Ibrahim, 305 So. 3d 661, 662-63 (Fla. 3d DCA 2020).

To the extent the trial court's entry of the Final Order was entered on this basis, Appellants were denied due process. While rule 1.420(e)[5] authorizes

---

[5] Rule 1.420(e) provides as follows:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court *may serve notice* to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of *such notice*, and no record activity occurs within the 60 days immediately following the service of *such notice*, and if no stay was issued or approved prior to the expiration of such 60-day

7

a trial court to dismiss a lawsuit for lack of prosecution, the rule contains mandatory notice requirements, and a failure to adhere to these notice requirements resulting in a due process violation, requires the reversal of any such dismissal. Lifetime Guarantee Adm'rs, 276 So. 3d at 848; see also Albo v. Martell, No. 23-1379, 2024 WL 3433739, at *4 (Fla. 3d DCA July 17, 2024).

The record plainly reflects, and Tamiami does not refute, that Appellants were not provided the notice required under rule 1.420(e). Hence, to the extent that the circuit court's effective dismissal of this case was based on rule 1.420(e), a lack of notice to the parties violated Appellants' right of due process. Grosso v. HSBC Bank USA, N.A., 204 So. 3d 139, 141-42 (Fla. 4th DCA 2016) (holding that when a trial court administratively closes a case, which amounts to a dismissal, it owes the parties procedural due process).

---

period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, *after reasonable notice to the parties*, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

Fla. R. Civ. P. 1.420(e) (emphases added).

We reverse the Final Order and the Rehearing Denial Order and remand this case to the trial court to enter an order reopening the case and to conduct further proceedings not inconsistent with this opinion.[6]

---

[6] To its credit, Tamiami does not argue that the trial court complied with the requisites of rule 1.420(e), or that the record reflects that Appellants' claims against it were dismissed. Rather, Tamiami suggests in its briefing to this Court that we can affirm the challenged orders if we were to adjudicate its defenses and counterclaim in the first instance. We decline Tamiami's invitation in this regard and express no opinion as to the merits of the case.